BOLIN, Judge.
Credit Service Corporation, as assignee of Physicians and Surgeons Hospital of Shreveport, filed suit to recover from defendant $184.78 representing the debt claimed by the hospital to have been incurred while defendant’s wife was confined therein between March 14th and March 27th of 1961. Suit was filed May 13, 1968. Defendant filed a plea of prescription of three years which was sustained, and plaintiff appeals.
Plaintiff alleges the suit is on an account due for the hospital room and other hospital services “all as will appear more particularly by reference to the itemized statements attached hereto and made a part hereof”. Attached to the petition are two statements listing charges for room and board, laboratory, operating room, anesthetic, medicine, dressing, trays and supplies, tissue examination, X-ray and telephone calls. The statements reflect one credit entry of $1.20 with no indication of the date this payment was received.
The only issue presented is the correctness of the application of the three-year prescriptive period to this claim.
*211 We must first determine the character or nature of the account. Plaintiff insists it is a personal obligation or, alternatively, is contractual in nature and as such governed by the ten-year prescription of Louisiana Civil Code Article 3544 rather than by the three-year prescriptive period of Louisiana Civil Code Article 3538. The latter article provides:
“Art. 3538. The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
That for the payment of money lent.
That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter.
That of physicians, surgeons and apothecaries for visits, operations and medicines.
That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments.
That on the accounts of merchants, whether selling for wholesale or retail.
That on the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart.
That on all other accounts.
This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced. (As amended by Acts 1888, No. 78)” (Emphasis added)
Louisiana Civil Code Article 3544 provides :
“In general, all personal actions, except those before enumerated, are prescribed by ten years.”
Plaintiff principally contends that even though this obligation may be considered an “account” it is not the type of account contemplated by the redactors of the Civil Code in Article 3538. He relies on the language and holdings in five cases to substantiate the argument that the accounts envisaged by the article are those in the nature of merchants’ accounts. In Reddick v. White, 46 La.Ann. 1198, 15 So. 487 (1894) the husband managed a plantation for his wife and her partner, attending to the cultivation, harvesting and shipping of crops, receiving and applying proceeds to the mortgage on the plantation. This was held to be a “management” agreement, and not an account. In Sleet v. Sleet, 109 La. 302, 33 So. 322 (1903) money and merchandise were drawn and received upon a running account for 18 years. Plaintiff sued for past due wages and the court held this was an “account” and allowed recovery only for the sums due within three years prior to suit, thus applying the prescription of three years under Article 3538.
In Blattman Sheet Metal Works v. Allgeyer, 86 So.2d 570 (La.App.Orl.1956) as in the cited case of Antoine v. Franichevich, 184 La. 612, 167 So. 98 (1936) the courts found that those who furnish labor and material in the performance of a job, whether under a verbal or written agreement, are contractors or undertakers and not laborers or materialmen selling on open account.
Finally, plaintiff cites United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956) as containing language strongly persuasive of the view that “all other accounts” in Article 3538 mean only accounts such as merchants’ accounts. There plaintiff constructed a pipeline and agreed to supply defendant with natural gas over a period of twenty years. The price was indefinite and was to be left to negotiation or arbitration and the court held:
“An examination of Article 3538 in the light of its history discloses the inclusion of the phrase ‘all other accounts’, by the amendment in 1888, Act No. 78 was not intended to make the three-year prescrip *212 tion applicable to demands and claims arising under contracts, but instead, to have the effect of making the prescription there provided applicable to ‘accounts stated or rendered, and verbally or tacitly acknowledged, as well as to open accounts not so acknowledged.’ Sleet v. Sleet, 109 La. 302, 33 So. 322, 325. This prescription has always referred to ‘accounts for goods sold, and merchants’ accounts against their customers, and generally to those business or other relations in •which accounts are usually rendered’, Reddick v. White, 46 La.Ann. 1198, 15 So. 487, 490, * * (Emphasis added)
Since the court in Union Carbon Company found the obligation existed by reason of a written contract, and arose upon the happening of the stipulated conditions, the language ’ quoted above was perhaps unnecessary to the decision. Nevertheless, the underlined portion of the language quoted, supra, enlarges the scope of the “accounts” beyond that of merchants’ accounts and supports defendant’s position. We conclude from the nature of the charges and the business relation of the parties that this is the very type of account for which a statement is usually rendered, and for which Article -3538 establishes a three-year period of prescription.
Alternatively, defendant pleaded that Mrs. Allen’s signature on the admittance slips, which were filed during the hearing on the plea, made this a contractual obligation or constituted an acknowledgment, in writing, of the account. These slips contained the following printed clause:
“The undersigned hereby authorizes the Physicians and Surgeons Hospital, Inc., to furnish the necessary treatments, medical attention and supplies to the above named patient, and, in consideration of same said services, hereby jointly, severally and in solido agree to pay for same to the Physicians and Surgeons Hospital, Inc., its agent or assigns before leaving the said hospital, plus 10 per cent collection fee in case of default.”
We find no merit to these alternative contentions. Mrs. Allen could not bind the community on a contract nor could she acknowledge the account without the authorization of her husband. No such authorization is alleged or shown. At the time Mrs. Allen signed the admittance slips no account or indebtedness had arisen which could have been acknowledged so as to cause the cessation of prescription provided in the last paragraph of Article 3538.
For the reasons assigned the judgment of the lower court sustaining the plea of prescription of three years and dismissing the suit is affirmed at appellant’s cost.