BOLIN, Judge.
Credit Service Corporation, as assignee of Physicians and Surgeons Medical Center, Inc., filed suit on May 13, 1968 against Russell E. Prack to recover the sum of $1,-589.25, allegedly due for hospital room and services furnished defendant’s wife between September 12, 1960 and October 28, 1960. Defendant filed a plea of three years prescription which was overruled and the case went to trial on the merits. From judgment in favor of defendant sustaining the exception of prescription and rejecting plaintiff’s demand, plaintiff prosecutes this appeal. We affirm the lower court’s judgment.
The two principal issues raised by this appeal are: does an admittance slip or form furnished by the hospital and signed by the person seeking to have a patient admitted to the hospital for treatment constitute a written contract to which the ten-year prescriptive period applies; or has defendant acknowledged the debt, either by signing the admittance form or by filing suit against the hospital’s insurer, incorporating in the petition a claim for the amount charged by the hospital?
An explanation of the documents referred to by appellant is necessary to clarify the questions presented.
The original petition filed by plaintiff is a suit for money allegedly due on an open account, with no reference being made to any contractual agreement, either verbal or written. Neither was there any reference to a tort suit filed in 1961 by Prack against the insurers of P & S Hospital, Inc., and two of the doctors who treated Mrs. Prack while she was in the hospital. That suit terminated adversely to Mr. Prack in March, 1966. The sole relevance of the mentioned suit was the incorporation in that petition of a claim for damages for the amount of the hospital charges upon which the present suit is predicated. It is asserted the inclusion of this claim constituted an acknowledgment of the debt sufficient to convert the prescriptive period to ten years under Louisiana Civil Code Article 3544.
Initially, we find the inclusion of the hospital charges in the petition filed on behalf of Mr. Prack did not amount to an acknowledgment of the debt, since it was never signed by him nor was it filed with the intention of interrupting prescription. See La.C.C. Article 3520 and cases cited; Crown Central Petroleum Corp. v. Barousse, 238 La. 1013, 117 So.2d 575 (1960) and cases therein cited. See also Marathon *645 Insurance Company v. Warner (La.App. 2d Cir. 1971), 244 So.2d 353, where this court stated:
“Recognition of the mere existence of a disputed claim is not such an acknowledgment within the contemplation of L.S.A.-C.C., Art. 3520 as will effect an interruption of the running of prescription. . . . It is well settled in the jurisprudence that within the intent of the aforesaid article of the Code, the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt the prescription then running.”
Appellant also urges that the admittance slip, signed by defendant on the day his wife entered the hospital and subsequently admitted into evidence, constituted an acknowledgment sufficient to interrupt prescription. This argument was advanced and disposed of in Credit Service Corporation v. Allen (La.App. 2d Cir. 1969), 223 So.2d 210, the court holding that at the time the admittance slip was signed no account or indebtendess had arisen which could have been acknowledged so as to cause the cessation of prescription provided in the last paragraph of La.C.C. Article 3538:
“The following actions are prescribed by three years:
* * * * * *
“That of physicians, surgeons and apothecaries for visits, operations and medicines.
$ ‡ ‡ ‡ ‡ ‡
“That on all other accounts.
“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.”
We next inquire into the nature of the debt. In Credit Service v. Allen, supra, we also held that, from the nature of the charges and the business relations of the parties, hospital charges constituted the type of account for which statements are usually rendered and for which Article 3538 establishes a three-year period of prescription. As recently as 1969 the Louisiana Supreme Court, in Pelican State Associates, Inc. v. Winder, 253 La. 697, 219 So.2d 500 (1969), had occasion to classify the nature of a hospital account. In so doing the court declared:
“While it is true that expenses of last illness are not listed as one of those actions that are barred by the prescription of three years under article 3538, a mere reading of the article will readily disclose that the redactors of our code in preparing a draft thereof and our law makers in adopting the same, while specifically listing certain actions, in their wisdom provided for a general cause to cover all such actions ‘on all other accounts’ which encompasses the claim under consideration here.” [hospital charges]
As noted earlier in this opinion, plaintiff originally sued on an open account, without mention of any contract, and the petition has never been amended. It was only after the exception of prescription was filed that an attempt was made to show the admittance slip signed by Prack constituted a written contract. We have examined this document in detail. As in Credit Service v. Allen, supra, the principal purpose of the admittance sheet was to authorize the hospital to furnish room, board and services and further to authorize the attending physician to administer anesthetic and perform such surgery as the treating physician deemed necessary. The form in the instant case further contains the language that, “The undersigned ... in consideration of same said services, hereby jointly, severally and in solido agree to pay for same to the Physicians and Surgeons Hospital, Inc., its agent or assigns before leaving the said hospital, plus 10 per cent collection fee in case of default.” [Empha *646 sis ours] All the foregoing provisions are printed on a form furnished by the hospital. It is conceded the charges were not paid prior to the time the patient was removed to another hospital. It is also clear that the hospital made no promises and no officer or employee authorized to do so signed this paper with Mr. Prack. This form was drawn up by the hospital, ostensibly to obtain authorization from the husband to perform the surgical and medical procedures which might be found necessary.
However, the record discloses that when Mrs. Prack left the hospital she was removed to another hospital by her husband who, at that time, was dissatisfied with the care and treatment received by his wife. At no time has he indicated that he considered he was bound by'the admittance slip nor has he conceded the validity of the charges. On the contrary he disclaims any indebtedness as evidenced by the suit he brought attempting to recover damages from the hospital’s insurer and the doctors for the manner in which they treated his wife. Since Mr. Prack failed and refused to pay the hospital charges when his wife left the hospital, and has continued to deny the debt, any assertion that he has acknowledged or agreed the amount charged is due and owing is without foundation.
In Pelican State v. Winder, supra, the trial court held the hospital expenses incurred by the decedent constituted “expenses of the last illness” even though not enumerated as such in the code. It further held these expenses were collectible even though incurred more than three years prior to the proceeding. On appeal the First Circuit Court of Appeal held that the debt sought to be recognized as a privileged expense of decedent’s last illness, which consisted of charges for hospital board and room, X-ray and laboratory services, drugs, dressings, oxygen, blood typing and transfusion charges, could not be so recognized since it was not included by positive and unequivocal statement in the definition of such expenses as named in the statute. Additionally, the court held the action on a hospital account fell within the definition of “all other accounts” and was barred by three-year prescription established in Louisiana Civil Code Article 3538, supra.
The Supreme Court granted a writ of certiorari and reviewed the case in detail. Although disagreeing with the intermediate appellate court with regard to the inclusion of hospital charges as expenses of the last illness, nevertheless it affirmatively agreed with the classification of hospital expenses as those comprehended by paragraph 8 of Article 3538 and concluded the debt was prescribed as “on all other accounts”. In conclusion the court stated:
“We do find, however, that the hospital account on which this suit is based is not judicially cognizable for the action to enforce it has prescribed. The eighth paragraph of Article 3538 establishes a limitation of three years on an action to enforce an open account, the type which exists in the instant case. More than three years having elapsed between the death of John Robinson and the filing of this suit to enforce the obligation of the open account with the hospital against him, the action was barred by prescription and the trial court erred in overruling the exception based on this prescriptive limitation.”
While in Pelican State v. Winder, supra, there is no reference to an “admittance sheet”, nevertheless we find the quoted definitive statement is predicated on the type of account rather than on the manner in which the patient was admitted to the hospital.
We find the trial judge was correct in sustaining the plea of prescription and, accordingly, the judgment is affirmed at appellant’s cost.