BARON B. BOURG, Judge Pro Tem.
Appellee has moved to dismiss the appeal herein on the ground that appellant has failed to post new security for this appeal after having been given an opportunity to do so in accordance with law.
Subsequent to the rendition of the judgment on the merits by the trial court, and as a result of a contradictory hearing provoked by the appellee, the trial judge rendered judgment declaring the appeal bond previously furnished by the appellant to be invalid by reason of insolvency of the surety. The trial judge, in accordance with law, required that new security be furnished by the appellant within four legal days of his judgment decreeing the original security to be invalid, or in default thereof, the order granting the suspensive appeal would be revoked, set aside, and dissolved. Rather than posting the security required in accordance with the court’s original order, the appellant sought and obtained from the trial judge a series of orders which progressively extended the time within which he would be permitted to file the new security. From the record, it appears that as of the time of the argument of this case in this court, appellant had still not filed the requisite bond.
The law permits a party four days, exclusive of legal holidays, from the rendition of a judgment holding the original bond insufficient or invalid within which to furnish a new or supplemental bond and' prohibits the dismissal of any appeal on the ground that the bond furnished is insufficient or invalid unless the party who furnishes it is afforded an opportunity to furnish a new or supplemental bond. LSA-C.C.P. Articles 5124 and 5125.
In the instant case appellant failed to file the new bond within the four day period permitted him by the trial judge after holding the original bond invalid. While LSA-C.C.P. Article 2088 does vest the trial judge with limited jurisdiction in a case after the signing of the order of appeal, we do not believe that that Article, when considered in conjunction with Article 5124, vests the trial judge with any authority whatsoever to extend the four day period which the law gives a party within which to furnish new or supplemental security. It is our opinion that the trial judge exceeded his authority in granting extensions of the time within which appellant would be permitted to file the new security, and, that the failure of the appellant to furnish the new bond within the original four day period allowed by the trial court must cause this appeal to be dismissed by reason of there being no security furnished in connection with this appeal.
Accordingly, the motion to dismiss is granted.
Appeal dismissed.