352 So.2d 410 (1977)
Vonnie FOUNTAIN, Plaintiff-Appellee,
v.
ANACOCO SAND & GRAVEL, INC., Defendant-Appellant.
No. 6168.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
*411 McReynolds & Jantz, Wilbert E. McReynolds, DeRidder, for defendant-appellant.
Herman I. Stewart, J., DeRidder, for plaintiff-appellee.
Before DOMENGEAUX, WATSON, and GUIDRY, JJ.
DOMENGEAUX, Judge.
This case is brought under the federal Fair Labor Standards Act (FLSA), 29 U.S. C.A. § 201, et seq. We have jurisdiction of the subject matter under 29 U.S.C.A. § 216(b).
Plaintiff, Vonnie Fountain, was employed by defendant corporation, Anacoco Sand & Gravel, Inc. (Anacoco), from March 26, 1971, to November 26, 1971, as a plant foreman. Defendant corporation is engaged in the mining of sand and gravel at Anacoco Creek in Vernon Parish. Fountain was paid $25.00 per nine hour day and overtime for all working time over nine hours per day at one and one-half times the regular rate.
Anacoco terminated Fountain's employment for cause. Fountain reported his former employer to the United States Department of Labor. It was determined from an investigation by the Department that Anacoco owed its employees various sums for overtime compensation. Defendant paid or attempted to pay all of the employees except the plaintiff. Defendant contends that it does not owe plaintiff overtime compensation because of different setoffs it feels it has against the plaintiff. The corporation claims that Fountain took, upon leaving the plant, a barbeque pit made with its materials and labor. It also claims that Fountain used a company loader for his personal use.
Attempts to negotiate a settlement were futile. During the negotiations defendant unconditionally agreed to a waiver of prescription. Suit was filed on May 21, 1973. Defendant filed a preemptory exception of no cause of action. Argument was held in open court on April 17, 1974, and the trial judge allowed plaintiff to amend his petition. Defendant excepted to the amended petition on the basis of prescription, but the trial court rejected the exception.
Trial on the merits began on February 25, 1975. The trial court rendered judgment in favor of plaintiff for $511.29 as unpaid overtime wages, $511.29 as liquidated damages, and $350.00 as attorney's fees.[1] Defendant's application for a new trial was denied and it appeals.
Defendant argues on appeal that the trial court erred in rejecting his exception of prescription.[2] Defendant admits that it agreed to waive the running of prescription during negotiations for a settlement. It contends, however, that the waiver only applied to the original petition filed by the plaintiff. This petition did not set forth with particularity that the action was being brought under the FLSA. It simply alleged that plaintiff was employed by the corporation and that he did not receive overtime compensation to which he was entitled. The trial court, at the hearing for defendant's exception of no cause of action, allowed plaintiff to amend his petition in order to cure this defect. Defendant maintains that the amended petition stated a new cause of action and that, therefore, it did not relate back to the date of the filing of the original petition as provided by La. Code of Civil Procedure Article 1153. Defendant further maintains that since its waiver of prescription only applied to the original petition its exception should be sustained.
We find no merit in defendant's contention. In order for a waiver of prescription to be valid there must be some acknowledgement *412 of a disputed claim as well as a clear intent to interrupt the running of prescription. Civil Code Article 3520; Wooden v. Hartford Insurance Company, 335 So.2d 742 (La.App.2nd Cir. 1976); Dunham Concrete Products, Inc. v. Donnell Construction Company, 268 So.2d 104 (La. App. 1st Cir. 1972); Credit Service Corporation v. Prack, 270 So.2d 643 (La.App.2nd Cir. 1972); Marathon Insurance Company v. Warner, 244 So.2d 353 (La.App.2nd Cir. 1971).
Defendant clearly manifested an intent to waive the running of prescription by a letter sent through its counsel to plaintiff's attorney. This letter, filed into evidence, clearly states that the running of prescription was waived "on any claim for back wages which Vonnie Fountain might have against Anacoco Sand & Gravel, Inc." Neither time limitations nor any qualifications were stated in the letter. Defendant's commitment thus extended to both the original and amended petition. We have been cited no authority nor given any reason why an unqualified waiver of prescription would extend only to plaintiff's original petition and not to plaintiff's amended petition.
We find it unnecessary to determine whether the amended petition properly dates back to the original petition. This issue is irrelevant for the reason that even if the amended petition does not date back it was still filed timely.
Defendant also argues that the trial court erred in rejecting its reconventional demand. Defendant filed a reconventional demand for reimbursement for a barbeque pit allegedly made on company time with company material and for the rental value of a loader belonging to the defendant, used by the plaintiff at his home. The trial judge, in his written reasons, found that no proof was adduced to support this claim. We have reviewed the record and agree with the result reached by the trial judge.
Although Fred W. Roberson, Jr., President and principal stockholder of the defendant corporation, gave limited testimony in support of the reconventional demand, Fountain emphatically stated that the barbeque pit was made by himself and a co-worker with his own materials and equipment after quitting time. He also testified that the company loader was used with the permission of the company's management. Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We do not find error on the part of the trial court in rejecting plaintiff's reconventional demand.
Defendant's next contention is that the trial court erred in awarding liquidated damages to the plaintiff. 29 U.S.C.A. Section 216(b) provides in part:
"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."
This mandatory language has been modified, however, by 29 U.S.C.A. § 260 which provides:
"In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."
The burden of proof is upon the employer to show good faith and reasonable grounds for withholding overtime compensation to his employees. Wide discretion is *413 given to the trial judge in determining whether the employer is actually in good faith. E.g. King v. Board of Education of City of Chicago, 435 F.2d 295 (7th Cir. 1970), cert. den. 402 U.S. 908, 91 S.Ct. 1380, 28 L.Ed.2d 649 (1971); Snell v. Quality Mobile Home Brokers, 424 F.2d 233 (4th Cir. 1970); Foster v. Irwin, 258 F.Supp. 709, (E.Dist.La.1966).
Looking to the record in this case, we observe that the Wage and Hour Division of the Department of Labor found that the employer owed overtime compensation to fifteen of its employees. Thirteen employees were paid and an attempt to pay a fourteenth employee was made. Only the overtime compensation owed to plaintiff was withheld, forcing plaintiff to bring this legal action. Under these circumstances we do not find that the trial court erred by awarding liquidated damages.
Defendant's final contention upon appeal is that the trial court erred in denying its motion for a new trial. Article 1972 of the Louisiana Code of Civil Procedure gives the situations in which a new trial must be granted by the trial court. The Article provides:
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814."
Section (3) is not applicable because this was a non-jury trial. Regarding Section (1), defendant claims that the trial court was in error in determining its bad faith. We have already determined that there was no error and, therefore, a new trial did not have to be granted on this basis.
With regard to Section (2), defendant states that it believed plaintiff's exception of prescription to its reconventional demand for the value of the barbeque pit and use of the loader was sustained. It claims that its presentation of evidence supporting the demand was cut short and that it should be granted a new trial on that basis.
We find no merit to this argument. Although there is no specific ruling on the exception in the record, the trial judge obviously considered the demand viable because he stated in his written reasons that the claim was rejected for lack of merit. Furthermore, evidence concerning the barbeque pit and loader would still have been relevant to the issue of good faith. In fact, testimony on this point from both sides does appear in the record. Defendant has not shown that any additional evidence could not have been obtained before trial. We therefore find no error in the denial of a new trial on this basis.
For the above reasons the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] 29 U.S.C.A. § 216(b) makes the award for attorney's fees mandatory.
[2] 29 U.S.C.A. § 255(a) provides for a two year statute of limitations for actions for unpaid compensation brought under the FLSA where the employer's violation is not willful.