BOUTALL, Judge.
This is a suit to enforce a promissory note of Donald R. Trapp dated February 1, 1975, payable on demand to the order of plaintiff, Sheila Trapp, in the amount of $26,039.77. On the reverse side of the note appears the following endorsement:
June 28, 1979
The validity of this debt is hereby acknowledged and all rights of prescription waived.
/S/ _
DONALD R. TRAPP
Suit was filed on April 7, 1980, after the five-year prescription period had expired. Donald Trapp’s defense was based on the contention that the acknowledgment and waiver of June 28, 1979, were without effect and the note had prescribed.
From a judgment in favor of the plaintiff, the defendant took a suspensive appeal.
The issues on appeal are:
1. Whether the acknowledgment and waiver served to interrupt prescription.
2. If so, whether the plaintiff was entitled to attorney’s fees.
The appellant argues that the wording of defendant’s endorsement is an anticipatory renunciation of prescription, an act that is forbidden by Louisiana Civil Code, Article 3460,[1] and should have been ignored by the court; further, that clear intent to interrupt prescription must be shown by the party who asserts interruption. In the instant case, the appellant introduced parol evidence in an attempt to prove that Mr. Trapp did not intend to extend the time in which he could be sued on the note.
The appellant argues that as a matter of public policy and under Articles 11 and 12 of the Civil Code, one cannot renounce prescription in advance. He cites as authorities Joseph Dainow, “The work of the Louisiana Appellate Courts for the 1971-72 term, Prescription,” 33 La.L.Rev. 235 (1973), and E.L. Burns Co., Inc. v. Cashio, 302 So.2d 297 (La.1974), which citations do support his argument. Article 11 provides that where “. . . it is not expressly or impliedly prohibited, [individuals] can renounce what the law has established in their favor. ..” Article 12 states that, “Whatever is done in contravention of a prohibitory law is void...” The court in Burns at page 301, held that, “... Article 3460 expresses a prohibitory rule of public order as contemplated by Articles 11 and 12” and that the law “. . . cannot be supplanted by private agreement...”
To this we answer that Article 3460 is not applicable to this case. Here the interruption of prescription is not based on Article 3460 but solely on Article 3520, which provides: “Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed.” Article 3551 provides that this cause of interruption applies to the prescription releasing debts.
In support of this proposition, appellee refers us to Fountain v. Anacoco Sand & Gravel, Inc., 352 So.2d 410 (La.App. 3rd Cir.1977) at page 412, which states the requirements of a valid waiver of prescription: “.. . an acknowledgment of a disputed claim as well as a clear intent to interrupt the running of prescription...” Additionally, appellee cites First National Bank of Lafayette v. Gaddis, 250 So.2d 504 (La. App. 3rd Cir.1971), a case involving a promissory note that the maker endorsed, acknowledging the debt and specifically waiving prescription. The issue in First National was whether recordation was required to make a waiver of prescription effective; however, the court stated, at page 508, that, “... Prescription may be interrupted even by an oral acknowledgment of the debt or by a verbal promise to pay it ...” and held that the waiver “... had the effect of *1014 interrupting the running of prescription on the note...”
The trial judge gave detailed and cogent reasons for judgment with which we agree. We quote in part:
“It is true that recognition of the mere existence of a disputed claim is not such an acknowledgment as will interrupt prescription. Rather, to interrupt prescription, the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt the prescription then running. Wooden v. Hartford Insurance Company, 335 So.2d 742 (La.App.1976); Fountain v. Anacoco Sand & Gravel, Inc., 352 So.2d 410 (La.App.1977). However, the Court is convinced that all requirements for a valid acknowledgment of the debt sufficient to interrupt prescription are met in the instant case.
The defendant acknowledged the debt herein by the following language, written on the reverse side of the note:
‘The validity of this debt is hereby acknowledged and all rights of prescription waived.’
It is clear that defendant did much more than recognize the mere existence of a disputed claim. The defendant expressly acknowledged the ‘validity’ of the claim. This acknowledgment was coupled with a clear declaration of his intent to interrupt prescription, as evidenced by the words ‘and all rights of prescription waived.’ The Court can think of no clearer way to declare such intent.”
The findings of the trial judge come within the principles of sufficient acknowledgment to interrupt prescription as discussed and stated in Flowers v. V. S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980) supporting the principles expressed in Lake Providence Equipment Co. v. Tallulah Prod. Cred. Assn., 257 La. 104, 241 So.2d 506 (La.1970). We quote at page 381:
“Louisiana Civil Code article 3520 does not require that an acknowledgment be in a particular form. It merely provides:
‘Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed.’
Accordingly, this Court has stated that acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; and that it may be implicit or it may be inferred from the facts and circumstances. Lake Providence Equipment Co. v. Tallulah Prod. Cred. Assn., 257 La. 104, 241 So.2d 506 (1970). Upon reconsidering this interpretation of Article 3520, we find that it is solidly based upon doctrinal writings.”
Appellant relies on his testimony of lack of intent and lack of understanding of the law regarding prescription and acknowledgment. The trial court resolved this by holding that Donald Trapp “did, in fact, fully understand the effects of the acknowledgment and waiver of the rights of prescription which he signed” and explained the basis of this holding.
As to the issue of award of attorney’s fees, it is disposed of by referring to the face of the note. There is a standard agreement by the maker to pay attorney’s fees of 25% of the amount of the note, in the event the note is refered to an attorney for collection. The acknowledgment simply continued this in effect.
Considering the foregoing we conclude that Donald R. Trapp executed a valid written acknowledgment of the debt sufficient to interrupt prescription and affirm the judgment appealed at his costs.
AFFIRMED.

. La. Civil Code Art. 3460 provides: “One can not renounce a prescription not yet acquired but it is lawful to renounce prescription once acquired.”