J. BRUCE NACCARI, Judge Pro Tem.
This is an appeal from summary judgment by the defendants in a suit on a promissory note.
The plaintiff, First Homestead Federal Savings & Loan Association, sued the defendants, Robert W. Harrington and Linda Harrington, to collect the balance of a loan made to finance a home burglar alarm system. The Harringtons sold their home in Marrero to Gary Nolan on August 20,1981 and later moved to Gonzales, Louisiana. The purchase agreement provided that the burglar alarm was to remain in the house, the “purchaser to assume the payments”. First Homestead filed suit on June 3, 1982, alleging that $1,683.76, was due and owing, along with interest and 25% attorney’s fees as stipulated in the note. The defendants answered with a general denial and a third party complaint against Gary Nolan.
The plaintiffs filed a motion for summary judgment, which was opposed by the defendants. Documents filed with their memorandum consisted of an affidavit by Mr. Harrington, stating that he had sold the house with the agreement that the purchaser would assume all indebtedness including the burglar alarm system, and a copy of the agreement to purchase or sell. The Harringtons filed an affidavit the next day, attesting that no amicable demand was made prior to suit. A minute entry, dated October 14, 1983 reads as follows:
“This case has been taken up on summary judgment. Summary judgment has been denied. Defense attorney, given 10 days to amend judgment.”
The defendant added a second third party defendant in an amended answer on April 6, 1984. The permanent judge of the division heard and granted a motion for summary judgment on June 28,1985, following which he denied the defendants’ motion for new trial.
The only issue raised on appeal is whether summary judgment is appropriate.
We note at the outset that the record lodged in this court is incomplete, having been “designated” by the appellant. There is no transcript of the hearing. At the request of this court, the trial court filed a certified copy of the promissory note as a supplemental record.
The appellants argue, without supplying documentation of the trial judge’s findings, that summary judgment was denied on October 14, 1983 on the basis of factual questions raised as to lack of amicable demand and attorney’s fees. They argue further that the denial of summary judgment was res judicata, as the plaintiffs did not appeal. We find that none of the arguments have merit.
As there is only a minute entry dated October 14, 1983, and no formal signed judgment denying summary judgment, we are concerned only with the decree of June 8, 1985, granting summary judgment. A denial of summary judgment is an interloe- *738 utory judgment, to which res judicata does not apply. According to the jurisprudence even though summary judgment has been denied previously, it may be rendered later. Arnold v. Stupp Corporation, 249 So.2d 276 (La.App. 1st Cir.1971).
The appellants failed to raise the objection of lack of amicable demand in a dilatory exception as required by La.C.C.P. art. 926 and in the proper form as set out in article 924. The mere filing of an affidavit is insufficient and therefore the objection has not been raised and is deemed to be waived. We note further that La.C.C.P. art. 421 provides:
“... Amicable demand is not a condition precedent to a civil action, unless specifically required by law.”
Its only function is to shift costs to the plaintiffs. In Piazza v. Zimmermann, 49 So.2d 491 (Orl.App.1950), the court said, at 495:
"... An amicable demand is not necessary previous to bringing a suit, and the want of such demand may be taken advantage of by way of exception timely filed, but such plea can only save costs where the defendant shows a readiness to comply with plaintiff’s demands. Porter v. Town of Ville Platte, 158 La. 342, 104 So. 67.”
In the case before us, the promissory note contains a specific waiver of demand, and nowhere in the pleadings have the appellants alleged willingness to comply with the mortgagee’s demand.
As to attorney’s fees, the note clearly and specifically calls for attorney’s fees of 25% after default and referral to an attorney for collection. Having so contracted, the appellant may not now complain. Boudreaux v. Trapp, 420 So.2d 1012 (La.App. 5th Cir.1982).
In conclusion, for the reasons stated above, we hold that the judgment appealed from is correct and we affirm.
AFFIRMED.