STOKER, Judge.
The issue here is whether the plaintiffs are entitled to liquidated damages and attorney’s fees. This case involves the Federal Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 201 et seq. We have jurisdiction pursuant to 29 U.S.C.A. § 216(b). John Wright, Macie Hymes, L.J. Jefferson, Phillip Dunn, William Robinson, Anthony Rachal, McKinley Morris, Wilson Murphy, and Roderick Van Brock (plaintiffs) brought suit against Jefferson Roofing, Inc.[1] and Jordie Jefferson to recover overtime compensation, liquidated damages, and attorney’s fees.
The plaintiffs complained that, while working for the defendants, the defendants failed to compensate plaintiffs for overtime at the FLSA mandatory rate of not less than one and one-half times the regular rate at which they were employed. Defendants’ payroll policy was to pay an employee for a forty hour workweek. Any hours an employee had in excess of forty were “carried forward” and applied to subsequent pay periods at the regular rate of pay.
During the course of the trial, Jefferson admitted using this system to compensate employees and acknowledged liability for overtime wages. Jefferson had not maintained adequate records so that it was difficult to determine the exact amount of over *690 time owed to each plaintiff. However, the parties reached an agreement as to the amount due to each plaintiff. The parties submitted to the trial court the issue of whether the plaintiffs were entitled to liquidated damages and attorney’! fees.
The trial court determined that Jefferson was not in good faith in failing to comply with FLSA and awarded liquidated damages to the plaintiffs. The court also awarded attorney’s fees. The total award is as follows:
NAME LIQUI-WAGES DATED DUE DAMAGES ATTORNEY TOTAL FEES DUE
L.J. JEFFERSON $2,566.00 $2,566.00 $1,708.96 $ 6,840.96
JOHN E. WRIGHT 2,507.00 2,507.00 1,669.67 6,683.67
McKinley morris 400.00 400.00 266.40 1,066.40
WILSON MURPHY 300.00 300.00 199.80 799.80
WILLIAM ROBINSON 2,465.00 2,475.00 1,641.70 6,571.70
MACIE HYMES 2,073.00 2,073.00 1,380.62 5,526.62
PHILLIP DUNN 4,880.00 4,880.00 3,250.08 13,010.08
ANTHONY RACHAL 150.00 150.00 99.90 399.90
RODERICK VAN BROCK 100.00 100.00 66.60 266.60
We amend in part and affirm in part.

Liquidated Damages

FLSA requires employers to pay time and one-half an employee’s regular rate of pay for hours worked in excess of forty in any workweek. 29 U.S.C.A. § 207. Defendants admitted violating FLSA overtime requirements and stipulated to the specific amounts due each plaintiff in overtime compensation. However, defendants contend that they should not be required to pay liquidated damages in addition to the unpaid overtime compensation since they were in good faith in failing to comply with the overtime requirements of FLSA. Additionally, defendants assert that liquidated damages should not be awarded because the effect of such an award would be punitive and financially devastating to the defendants. Alternatively, defendants contend that the amount of liquidated damages awarded by the court is excessive.
29 U.S.C.A. § 216(b) provides in part:
“Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.”
The duty of the court to award liquidated damages in an amount equal to the unpaid wages due under sections 6 and 7 of FLSA is ministerial, not discretionary, under the terms of section 216. Mireles v. Frio Foods, Inc., 899 F.2d 1407 (5th Cir.1990). However, this, ministerial duty is made discretionary by 29 U.S.C.A. § 260 upon a showing of “good faith” and “reasonable grounds". Míreles, supra, 29 U.S.C.A. § 260 provides:
“In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime *691 compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.”
To be relieved of liability for liquidated damages, an employer must meet the substantial burden of proving to the court that its acts giving rise to the suit were both in good faith and reasonable. Mireles, supra; Bracellona v. Tiffany English Pub, 697 F.2d 464 (5th Cir.1979); Fountain v. Anacoco Sand & Gravel, Inc., 352 So.2d 410 (La.App. 3d Cir.1977). Wide discretion is given to the trial judge in determining whether the employer is actually in good faith. Fountain, supra.
Defendants attempt to prove “good faith” and “reasonableness” by asserting that their failure to comply with FLSA overtime requirements was not due to a specific intent to violate FLSA but was due to ignorance of the overtime requirements. Defendant Jefferson contends that he is a man of limited education and lacks business expertise. He stated that he did not have a sophisticated bookkeeping system. Instead, he personally recorded each employee’s hours each day on a sheet of paper which he gave to his wife who kept up with the hours and made out the pay checks. Jefferson testified at trial that he had relied on an accountant for business advice, but that he was never informed of the overtime requirements under FLSA.
Jefferson also testified that he never sought approval of his “carry forward” system from the Department of Labor. In fact, Jefferson testified that he never even thought about whether his system of compensation was permissible under FLSA. He explained that he had employed the “carry forward” system with the express approval of his employees.
The trial court, however, found that the defendants intentionally failed to follow FLSA. Specifically, the court concluded that Jefferson’s twenty-five years of work as a roofer for other contractors, and his thirteen years as a contractor himself, indicated that Jefferson knew, understood, and chose to disregard the rights of his employees as granted by FLSA.
Even if we accepted the defendants’ contentions of ignorance of the provisions of FLSA, the jurisprudence does not recognize such ignorance as a defense to the imposition of liquidated damages. Complete ignorance of the possible applicability of FLSA does not shield the employer from liability for liquidated damages. Reeves v. International Telephone & Telegraph Corp., 616 F.2d 1342 (5th Cir.1980); cert. denied 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981); affirmed but modified on different grounds, 705 F.2d 750 (5th Cir.1983). Good faith requires some duty to investigate potential liability under FLSA. Barcellona, supra; Reeves, supra. “Even inexperienced businessmen cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws. Apathetic ignorance is never the basis of a reasonable belief.” Barcellona, supra at 469.
In Barcellona, the defendant restaurant attempted to avoid liability for liquidated damages for violation of the FLSA minimum wage requirements by asserting that the owners of the restaurant were merely a couple of farmers, acting for the first time as employers with blind faith in their franchiser. The 5th Circuit reversed the district court’s denial of liquidated damages, finding that the defendant had not met its burden of proving good faith and reasonableness under FLSA.
Similarly, we do not find that the defendants’ ignorance of the requirements under FLSA constitutes either “good faith” or “reasonable grounds” sufficient to avoid liquidated damages. Defendants were un *692 der a duty to investigate their responsibilities under FLSA. Defendants did not attempt to ascertain whether a “carry forward” system was permissible under FLSA. Defendants cannot now avoid liability on the basis of ignorance of FLSA. As the 7th Circuit in Walton v. United Consumers Club, Inc., 786 F.2d 308, 312 (7th Cir.1986) explained, “A good heart but an empty head does not produce a defense (to FLSA).”
Furthermore, acquiesence by the employees in the “carry forward” system is insufficient to constitute either good faith or reasonable grounds. In fact, FLSA forbids pay plans that have the effect of reducing the pay for overtime to less than one and one-half times the employee’s “regular rate”, even though the plans may be acceptable to the employees involved. Donovan v. Brown Equipment & Service Tools, Inc., 666 F.2d 148 (5th Cir.1982).
Neither can defendants avoid liability for liquidated damages based on the argument that such damages would be punitive and financially devastating to the defendants. The liquidated damages provided for violation of FLSA constitute wages or compensation and not a penalty or punishment. Johnson v. Anderson-Dunham Concrete Co., 212 La. 276, 31 So.2d 797 (La.1947). Furthermore, 29 U.S.C.A. § 260 does not provide the court with discretion to refrain from awarding such damages merely upon a showing of financial hardship. Rather, as noted above, the statute vests such discretion exclusively upon a showing of “good faith” and “reasonable grounds”.
Finally, defendants contention regarding the excessiveness of the liquidated damages award is without merit. Having found that the defendants were not in good faith, the court was without discretion in assessing liquidated damages. 29 U.S.C.A. § 216(b) mandates an award of liquidated damages in an amount equal to the overtime compensation due to the plaintiffs. As the trial court followed the mandate of § 216(b), the award cannot be set aside as excessive.
Therefore, the trial court did not err in its award of liquidated damages to the plaintiffs. Defendants simply did not meet the burden of proving good faith or reasonable grounds which is prerequisite to invoking the trial court’s discretion regarding liquidated damages.

Attorney’s Fees

The trial court’s original judgment provided for an award to the plaintiffs of attorney’s fees in the amount of thirty-three and one-third percent of the overtime wages and liquidated damages due to the plaintiffs. However, the calculations contained in the judgment for attorney’s fees reflect an amount less than thirty-three and one-third percent of the wages and liquidated damages owed. The trial court subsequently amended its original judgment and raised the attorney’s fees figures to comport with the thirty-three and one-third percent judgment previously rendered. The total amount of attorney’s fees awarded was $10,283.73.
The defendants contend that the trial court erred in awarding attorney’s fees in the absence of testimony regarding the value of the plaintiffs’ attorney’s services. Additionally, defendants contend that the amount awarded is excessive.
29 U.S.C.A. § 216(b) provides in part:
“The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.” (Emphasis added).
We note that an award of attorney’s fees is mandatory and unconditional. Foster v. Irwin, 258 F.Supp. 709 (E.D.La.1966).
Additionally, although a court may receive evidence relating to the award of attorney’s fees if the court deems it necessary, it is well established that the court in FLSA cases is not required to hear such evidence. Montalvo v. Tower Life Building, 426 F.2d 1135 (5th Cir.1970). A trial court has firsthand knowledge of the proceedings before it to allow it to place a value on the attorney’s services without *693 opinion evidence of an expert witness on the subject. Day & Zimmermann, Inc. v. Reid, 168 F.2d 356 (8th Cir.1948); Reeves, supra; Montalvo, supra; Eakin v. Ascension Parish Police Jury, 294 So.2d 527 (La.1974). Accordingly, we do not find that the trial court erred in awarding attorney’s fees despite a lack of testimony as to the value of the attorney’s services.
Moreover, we do not find that the amount awarded as attorney’s fees was so excessive as to constitute an abuse of discretion. The attorney’s fees determination rests in the sound discretion of the court and will not be overturned in the absence of abuse. Reeves, supra.
Finally, plaintiffs have answered this appeal requesting an additional $5000 as attorney’s fees for services rendered in this appeal. An additional fee to compensate counsel for services rendered in connection with the appeal can be awarded in a FLSA case when the appellate court considers such an award appropriate. Montalvo, supra. We find that an additional $2000 in attorney’s fees is merited and increase the award by that amount.

Clerical Error

Plaintiffs answered defendants’ appeal requesting that this court modify the trial court’s judgment to correct a clerical error in the amount of overtime compensation, liquidated damages, and attorney’s fees awarded to plaintiff John Wright. The original and amended judgments reflect an award to Wright for overtime wages in the amount of $2,507 and an additional amount of $2,507 as liquidated damages. The original judgment awarded $834.84 in attorney’s fees to Wright. However, the trial court amended the original judgment to raise Wright’s attorney’s fees award to $1,669.67.
As noted above, the parties reached an agreement during the course of the trial concerning entitlement to overtime compensation. The trial transcript contains a stipulation of the specific amounts due to each plaintiff; this stipulation shows that the amount owed to Wright in overtime wages is $3,507 rather than the $2,507 reflected in the trial court’s original and amended judgments.
It is clear from the transcript that the discrepency in the amount stipulated and the amount actually awarded to Wright was merely a clerical error on the part of the trial court. The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. LSA-C.C.P. art. 2164. The appellate court may correct a clerical error. Frazier v. Carl E. Woodward, Inc., 378 So.2d 209 (La.App. 4th Cir.1979). Therefore, we amend the trial court’s judgment to raise the amount of overtime wages owed to plaintiff, John Wright, to $3,507. We also increase the liquidated damages award to Wright to $3,507 as mandated by 29 U.S.C.A. § 216(b). Finally, we raise the attorney’s fees due to Wright to $2,338, which amount is thirty-three and one-third percent of the amended overtime wages and liquidated damages awarded to Wright.
CONCLUSION
For the foregoing reasons, we amend the trial court’s judgment to increase the award to plaintiff — Wright from $2,507Jor unpaid overtime compensation to $3,507. Additionally, we amend the liquidated damages award to Wright from $2,507 to $3,507. We also increase the attorney’s fees awarded to Wright from $1,669.67“to $2,338.
We affirm the trial court’s judgment-in all other respects. We award plaintiffs an additional sum of $2,000 in attorney’s fees for this appeal. Defendants are "cast for the costs of this appeal.
AMENDED in PART and AFFIRMED in PART.

. Although called Jefferson Roofing, Inc., the business is a sole proprietorship.