DOMENGEAUX, Chief Judge.
The plaintiffs in this case obtained a judgment against defendants, Jordie Jefferson and Jefferson Roofing, Inc., for overtime wages, liquidated damages and attorney’s fees due under the Fair Labor Standards Act. See our prior opinion at 590 So.2d 687 (La.App.3d Cir.1991). After the rendition of our opinion, the plaintiffs sought to make their judgment executory against Doffie Benjamin, the surety who provided a supplemental bond for Jordie Jefferson’s suspensive appeal. Benjamin raised as defenses (1) that the principal debtor induced him to sign the bond through fraud, and (2) that the supplemental bond was untimely because it was not filed within the four day period of La. C.C.P. art. 5124. The trial court made the plaintiffs’ judgment executory against Benjamin and Benjamin appeals. For the following reasons, we reverse.
The original trial court judgment in favor of the plaintiffs was signed on October 31, 1989, with notice of judgment being mailed on November 8, 1989. Jordie Jefferson perfected a timely suspensive appeal, filing a motion for appeal on November 28, 1989 and an appeal bond of $1,000 on December 13, 1989. On January 9, 1990, the trial court signed a judgment declaring the initial appeal bond insufficient and ordering the defendant to post a supplemental bond of $50,000. The supplemental bond, with Doffie Benjamin as surety, was not posted until March 9, 1990, the same date as the extended return date fixed by the trial court. On March 21, 1990, Benjamin filed a motion to be removed as surety, which the trial court denied. The record was lodged with this court on April 23, 1990; our opinion affirming and amending the judgment in favor of the plaintiffs was rendered on November 21, 1991.
The ruling denying Benjamin’s motion to be removed as surety was not reduced to a written judgment until January 21, 1992. Benjamin then filed a motion for a new trial. The plaintiffs, confronted with knowledge of Jefferson’s bankruptcy, filed motions to have the judgment in their favor, as amended by this court, made execu-tory against the surety. The trial court heard Benjamin’s motion and the plaintiffs’ motions together. In a single ruling, the court denied Benjamin’s motion for a new trial and granted the plaintiffs’ motions, making the judgment executory against the surety.
At the outset, we note that Benjamin has failed to prove fraud on the part of Jordie Jefferson. The only testimony on this point is Benjamin’s statement that at the time he signed the bond, Jefferson told him that he was solvent. The plaintiffs *176 introduced pleadings that were filed on March 5, 1991 in Jefferson’s bankruptcy proceedings, but those documents shed no light on Jefferson’s financial condition at the time the bond was signed in March of 1990. Benjamin has not shown any action or inaction on the part of Jefferson that would amount to fraud. See, e.g., Lupo v. Lupo, 475 So.2d 402 (La.App. 1st Cir.1985).
There is no dispute that the supplemental bond was not timely filed. La.C.C.P. art. 5124 provides that the party furnishing the bond may file a supplemental bond within four days, exclusive of legal holidays, of the rendition of the judgment holding the original bond insufficient or invalid. It has been held that a trial court does not have authority to extend this four day period. See Canal Mortgage & Finance Co., Inc. v. Loeb, 331 So.2d 602 (La.App. 4th Cir.1976). In the instant case, the judgment declaring the original appeal bond insufficient was signed on January 9, 1990. The supplemental appeal bond was not filed until March 9, 1990.
In Willswood Plantation, Inc. v. Foret, 391 So.2d 1389 (La.App. 4th Cir.1980), writ denied, 396 So.2d 898 (La.1981), the court did not permit a successful plaintiff to collect against an insolvent defendant’s surety, where the appeal bond was not filed within the 30 day delay of La.C.C.P. art. 2123. The court reasoned that the obligation of the surety came into effect only with the suspension of the creditor’s rights, which never occurred because the defendant failed to perfect a suspensive appeal.
The rationale of Willswood, which concerned an initial bond, is equally applicable to the case sub judice, which concerns a supplemental bond. Although the defendant initially perfected a suspensive appeal, the suspensive effect as to the creditors’ rights did not continue beyond the defendant’s failure to timely post a supplemental bond.
The plaintiffs rely upon the second paragraph of La.C.C.P. art. 5124 which provides that the supplemental bond is retroactive to the date of the original bond and maintains in effect the original order conditioned upon the furnishing of security. However, we find that the retroactive effect provided in this paragraph does not come into play unless the supplemental bond is timely filed.
The plaintiffs also cite a line of cases which hold that in the absence of a timely motion to dismiss a suspensive appeal, an untimely supplemental bond is retroactive to the date of the original bond and the suspensive appeal is maintained. See La-Hoste v. Toups, 510 So.2d 3 (La.App. 1st Cir.1987).
In the instant case, Benjamin filed his motion to be removed as surety in the trial court after the extended return date but before the record was lodged in this court. Under these circumstances, we consider Benjamin’s objection to the bond to be timely. See also La.C.C.P. art. 2088(5) which provides that the trial court retains jurisdiction to consider objections to the form, substance and sufficiency of the appeal bond.
For the foregoing reasons, the judgment of the trial court is reversed.
Costs of this appeal are assessed to plaintiffs-appellees.
REVERSED AND RENDERED.