SAUNDERS, Judge,
Dissenting.
I respectfully dissent. I disagree with the majority’s decision to allow the substitution of a defendant’s name in a final judgment by motion to amend.
LSA-C.C.P. art. 1951, states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraselogy [sic] of the judgment, but not the substance; or
(2) To correct errors in calculation.
It is well settled in the jurisprudence that the changing of the name of a party cast in judgment is a change of substance and not phraseology. See Mitchell v. Zeringue, 497 So.2d 19 (La.App. 5th Cir.1986); Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970).
After the defendant presented the judge with an erroneously drafted judgment for signature, which was, in turn, signed by the trial court, the defendant had three options. The defendant could have moved for a new trial, filed a timely appeal or possibly, instituted a separate action for nullity of judgment. A trial court may not alter the substance of the judgment after the time for appeal has elapsed without an appeal having been taken. The Second Circuit, in Gulfco Inv. Group, Inc. v. Jones, 577 So.2d 775 (La.App. 2d Cir.1991), noted the remedies available to a party aggrieved by an error of substance found in a final judgment at page 777, as follows:
Pursuant to Art. 1951, a final judgment may be amended by the trial court where the amendment takes nothing from or adds nothing to the original judgment. However, as a general rule, a final judgment is not subject to substantive amendment on the motion of the trial judge or of any party. In such event, the proper recourse is a timely application for new trial or a timely appeal. (Citations omitted.)
# * ⅜* * ⅜*
While it may be argued that a harsh result might obtain in a case such as the instant one as a result of a clerical breakdown, the underlying purpose of the rule is to allow a signed final judgment to take precedence over substantive misstatements [1] because a final judgment is usually prepared with care, may be revised before it is signed, and the aggrieved party has recourse to a timely application for a new trial or timely appeal.
Defendant’s argument that the error is simply a spelling or typographical error would be more palatable if the proper defendant to be named was “Quintana Petroleum (U.S.), Inc.” and the judgment had merely erroneously named this defendant (Quintana Petroleum (U.S.), Inc.) as “Quin-tana Petroleum (USA), Inc.” In fact, the proper defendant to be named was “Quin-tana Petroleum Corporation” and the naming of “Quintana Petroleum (USA), Inc.,” in the judgment clearly substituted one party for another. While it is true that the appellate court may correct a mere clerical error,[2] we must proceed with extreme caution when substituting a named party in a final judgment.
As stated by the First Circuit in Creel v. Bogalusa Com. Medical Center, 580 So.2d *1241 551, 552 (La.App. 1st Cir.), writ denied, 585 So.2d 567 (La.1991):
Substantive amendments to judgment can be made only by timely application for new trial, by action for nullity, or by timely appeal. Hurst v. Ricard, 558 So.2d 1269 (La.App. 1st Cir.), writ denied, 559 So.2d 1378 (La.1990). An amendment which alters the substance of a judgment and is made without granting a new trial has been held to be invalid and not within the authority granted by La.C.C.P. art. 1951, ...
As such, I find that the trial court altered the substance of the final judgment when it permitted defendant, Quintana Petroleum Corporation, to substitute itself for Quintana Petroleum (USA), Inc. by motion to amend and would reverse the judgment of the trial court.
For the foregoing reasons, I respectfully dissent.

. [In the trial court’s oral or written reasons for judgment.]

. See Wright v. Jefferson Roofing, Inc., 590 So.2d 687 (La.App. 3d Cir.1991).