MORIAL, Judge.
Plaintiff, Walter R. Kelly, Jr., appeals from a district court judgment maintaining an exception of prescription filed by de *234 fendants, General Mills Supplies, Inc. and Liberty Mutual Insurance Company (Liberty Mutual).
On July 17, 1973 plaintiff was injured in a rear-end collision with a truck owned by defendant. On August 3, 1973 Liberty Mutual mailed plaintiff a check in the amount of $164.98 in payment of their estimate of property damage to his vehicle. This check, valid for six months, was never cashed and was subsequently replaced by another check of same amount on August 26, 1974.
On April 24, 1974 plaintiff filed suit in the United States District Court for the Eastern District of Louisiana against “General Mills Supply, Inc.” and Liberty Mutual alleging jurisdiction based upon diversity of citizenship. Service of this suit on Liberty Mutual was requested on August 8, 1974 but was not accomplished until August 13, 1974, approximately four weeks after the anniversary of the accident. The other defendant was never served because its named agent refused service.
On August 26, 1974 Liberty Mutual, alleging its insured to be a Louisiana corporation, filed a motion to dismiss the federal court suit for lack of diversity jurisdiction and on that same date, plaintiff filed the instant suit in state court. Thereafter, the United States District Court rendered judgment dismissing plaintiff’s suit for lack of diversity.
On October 10, 1974 defendant, relying upon LSA-R.C.C. 3536, filed an exception of prescription to the state court action. The trial court maintained the exception and thereupon dismissed plaintiff’s suit. Plaintiff appeals. We affirm.
Plaintiff herein alleges four grounds for reversal. He asserts that: (1) Liberty Mutual is not entitled to a plea of prescription due to the fact that its attorneys lulled plaintiff into suing the wrong insured; (2) General Mills Supplies, Inc. is not entitled to a plea of prescription due to the fact that its counsel of record agreed to waive “any procedural defects” in order to gain dismissal of the federal court suit; (3) the part payment check mailed on August 3, 1973 acted to extend the prescriptive period, to one year from the six month expiration date of the check; and (4) the issuance of the second check on August 26, 1974 acted to extend the prescriptive period to one year from the date of such check.
It is well established that the filing of suit in a court of incompetent jurisdiction does not interrupt prescription unless the defendants have been served with proper citation within the prescriptive period. Conner v. Continental Southern Lines, Incorporated, La., 294 So.2d 485 (1974). Plaintiff admits that the correct defendants were not served in time but contends that he erroneously filed suit in federal court believing General Mills Supplies, Inc. to be the nationally known Delaware Corporation, General Mills, Inc. He asserts that Liberty Mutual contributed to this confusion and should not be allowed to take advantage of it due to the fact that in correspondence it referred to its insured both as “General Mill Supplies” and “General Mills Supplies, Inc.” We see no merit to this argument. At no time did Liberty Mutual refer to its insured as “General Mills, Inc.” or in any other manner lead plaintiff to believe that its insured was a foreign corporation. Even if the insured had been properly named in the federal suit, the claim still would have prescribed because service on the named defendants was not requested until after the expiration of the prescriptive period.
Plaintiff’s next contention centers around a letter dated August 27, 1974. This letter, sent by counsel for plaintiff to counsel for defendants in apparent confirmation of a prior telephone conversation, provides in pertinent part as follows:
“(1) We will assent to dismissal for lack of a Federal jurisdiaion [sic] and we will immediately file in State Court.
*235 “(2) In return for which you will not raise objections as to any procedural defects based upon by reason concerning the names of General Mills, Inc. and General Mills Supply, Inc.” (emphasis ours)
Plaintiff alleges that the failure of defendants to respond to this letter amounts to an acceptance of its provisions, including the waiver of accrued prescription implicit in the agreement to "not raise objections as to any procedural defects.”
Defendants contend that at no time prior to the letter was it ever agreed that they would renounce prescription and that the cryptic term “procedural defects” was employed merely as subterfuge in an attempt to resurrect a dead claim. They argue that if counsel had -received a letter confirming that he had agreed to specifically waive prescription, a telephone call and letter of denial would have immediately followed.
We believe defendants’ position is fully supported by the law and the evidence. At the hearing on the exception, counsel for plaintiff admitted that the subject of prescription was never discussed with opposing counsel and that the only term ever mentioned was “procedural defect.” In Succession of Brower v. State, 80 So.2d 217, 222 (La.App. 2 Cir. 1955), the court in discussing renunciation of accrued prescription stated:
“ * * * It is clear that renunciation of prescription only takes place when the intention to renounce the prescription is manifest either from the words or the acts of the debtor. Such an acknowledgment must be clear, direct and absolute.”
We believe that defendants never intended to renounce prescription through their tacit agreement to waive “any procedural defects.” The defendants’ failure to respond to this letter can in no way be construed as a “clear, direct and absolute” acknowledgment of the prescribed obligation.
Plaintiff argues that the defendants’ renunciation was in consideration of his assenting to dismissal of the federal suit, and that in performing his part of the bargain he gave up his right to argue his case in federal court. We do not believe that plaintiff relinquished any rights by his assent to the dismissal. Defendants had an unqualified right to have their motion to dismiss granted due to the absence of diversity jurisdiction. Reed v. Ulmer, 308 F.2d 915 (5th Cir. 1962). Plaintiff’s assent in the matter was, in effect, unnecessary.
Plaintiff’s final two allegations are also without merit. Assuming arguendo that the partial payment check mailed on August 3, 1973 had the effect of interrupting prescription, the action nevertheless remains subject to dismissal because suit was not filed until August 26, 1974, more than one year after the commencement of the prescriptive period. LSA-R.C.C. Art. 3536. Plaintiff’s contention that the provision on the check specifying that it would be “void if not presented within six (6) months from issue date” effected an extension of the commencement of the prescriptive period for six months, is totally specious. If this were the result of such a provision, a check issued without any expiration date might extend the commencement of the prescriptive period forever. Surely this would lead to absurd results.
With respect to the reissuance on August 26, 1974 of the partial payment check, plaintiff asserts that “whatever legal effects attached to the first check were revived by the second.” Since we have found that the issuance of the first check did not prevent the cause of action from prescribing, the issuance of the second check could have no different effect.
For the reasons assigned, the judgment of the district court sustaining defendants’ exception of prescription and dismissing plaintiff’s suit is hereby affirmed. Plaintiff is to pay all costs of this appeal.

AFFIRMED.