625 F.2d 576
 Wanda Gaye CALHOUN, wife of/and Carl Mack Calhoun,
Individually and as administrator of their minor
child, Carl Van Calhoun, Plaintiffs-Appellants,
v.
Kieth FORD, Frank Ford, Sevier Chevrolet/Oldsmobile, Inc.,
United States Fidelity and Guarantee Company, ABC
and XYZ Insurance Company, Defendants-Appellees.
 No. 79-2617
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 5, 1980.
 William G. Tabb, New Orleans, La., for plaintiffs-appellants.
 Sessions, Fishman, Rosenson, Snellings & Boisfontaine, James Ryan, III, New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before RONEY, KRAVITCH and TATE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants filed this diversity action in the federal district court for the Eastern District of Louisiana on August 3, 1978. Because venue was improper in the Eastern District, the case was transferred to the Western District of Louisiana. Subsequent to the transfer, the judge in the Western District dismissed the action with prejudice pursuant to the defendants' Motion to Dismiss. Appellants appeal that action. We affirm.
 
 
 2
 The issue presented in this appeal is whether Fed.R.Civ.P. Rule 3[1] or La.Rev.Stat.Ann. § 9:5801[2] governs the determination of when the plaintiffs' suit was commenced for purposes of deciding whether the prescriptive period was tolled before it expired.
 
 
 3
 The collision out of which this cause of action arose occurred on August 4, 1977. The suit clearly was filed before the one-year period of prescription ran;[3] therefore, if Rule 3 governs, the action was commenced prior to the expiration of the prescriptive period. Under Louisiana law, however, the period of prescription is not tolled by a filing in a court of improper venue until the defendant is actually served by the service of process. La.Rev.Stat.Ann. § 9:5801. It is undisputed that venue was not proper in the Eastern District of Louisiana and that none of the defendants was served within one year of the time the cause of action arose. The outcome of this litigation thus depends on whether the federal rule or state law governs the determination of when the suit was commenced.
 
 
 4
 The appellants correctly note that this case forces the court to decide whether Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), survived Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). We delayed our decision pending the Supreme Court's decision in Walker v. Armco Steel Corp., --- U.S. ----, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).
 
 
 5
 In Walker, as here, the plaintiffs' cause of action was barred by the running of the statute of limitations if state law governed but not if Rule 3 governed. The Walker Court stated unequivocally that in diversity actions, "Rule 3 governs the date from which various timing requirements of the federal rules begin to run, but does not affect state statutes of limitations." --- U.S. at ----, 100 S.Ct. at 1985. In so doing the Court made it clear that federal courts should resort to the Hanna analysis only when there is a direct conflict between a federal rule and state law.
 
 
 6
 Here, as in Walker, there is no direct conflict because Rule 3 simply does not address itself to the question of when the prescriptive period is tolled. The federal court must, then, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), apply state law to make that determination. Under Louisiana law, the plaintiffs' cause of action was prescribed before the period was tolled by service of process on the defendants. Accordingly, we AFFIRM.
 
 
 
 [1]
 Rule 3 provides: "A civil action is commenced by filing a complaint with the court."
 
 
 [2]
 In relevant part § 9:5801 provides:
 (W)hen the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.
 
 
 [3]
 Article 3536 of the Louisiana Civil Code provides a one-year prescriptive period for "offenses and quasi-offenses" (torts)