DUFRESNE, Judge.
Defendant, Andre Boudreaux, appeals a judgment of the district court in favor of plaintiff, First National Bank of Jefferson Parish (FNJ), in the amount of $5,417.98, with interest and attorney’s fees, representing the unpaid balance on a promissory note made by Boudreaux to FNJ. Plaintiff filed suit in October, 1985. Boudreaux had made no payments on the note since at least November of 1977, and plead the li-berative prescription of five years. The trial court found that a payment made by Boudreaux’s mother in March 1982, was sufficient to interrupt prescription and granted judgment for plaintiff. We agree.
The record reveals that on June 28,1977, Boudreaux executed a demand note in favor of FNJ in the full amount of $9,034.11, plus 8% interest, and 25% attorney’s fees. Sometime around November 1977, pursuant to an agreement between defendant and plaintiff when the note was executed, defendant sold his car and applied the proceeds of $3,200.00 to his loan. Although Boudreaux could not remember making any other payments, the record indicates that another $35.00 was paid on the note, apparently by defendant, in October or November of 1977.
No further payments were made until March, 1982. After requests for a payment by FNJ, according to the uncontested testimony, defendant’s mother, Angela Boudreaux, sent a money order in the amount of $100.00, as payment on the loan, signing her son’s name to both the money order and the letter, with her initials next to the signatures. Mrs. Boudreaux stated that she did not discuss the matter with her son, and that he did not request or authorize her to make such payment.
FNJ filed suit in October of 1985. From the date of the last payment made by Mrs. Boudreaux, this filing was within the five year prescriptive period prescribed by LSA C.C. art. 3498, but it was beyond five years from the payment made in 1977, which the defendant admitted making.
Boudreaux filed an exception of prescription at the trial court level, which apparently was set for trial three times (but never tried) and continued each time as no appearances were made by counsel for either party. Later, Boudreaux filed an answer in which he urged prescription as a defense. He continues to contend on appeal that the note prescribed five years from November, 1977, the date he sold his automobile and applied the proceeds to the note.
Louisiana Civil Code Article 3464 (formerly Article 3520) provides that prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. Acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment interest, or by pledge, or in other ways; and it may be implicit or it may be inferred from the facts and circumstances. Flowers v. United States Fidelity and Guaranty Co., 381 So.2d 378 (La.1979).
In the present case, the only fact or circumstance which could be construed as *828 an acknowledgment, after November 1977, was the 1982 payment made by Mrs. Bou-dreaux. The crucial question is whether the payment by Mrs. Boudreaux was made on behalf of her son and with some knowledge on his part.
Further, we are aware that the Supreme Court in Guaranty Bank Trust Co. v. Heiderich, 163 La. 957, 113 So.2d 161 (1927) decided that to interrupt prescription, it must appear that the maker of the note authorized a payment thereon.
Here in the case before us, it appears to us, as it seemed to the trial judge, that under the circumstances of the case the payment by Mrs. Boudreaux was made to help and assist her son and he received the benefit of it and was at least tacitly aware that his mother had contacted the bank on his behalf. The evidence in the case indicates that Andre Boudreaux had executed this original note to repay funds misappropriated by him when he was a teller for FNJ, and that he had been placed on probation with a condition that he make restitution to FNJ. As a result of his noncompliance he served time at the correctional institution in Texarkana, Texas. His mother testified that the bank had contacted her many times concerning the indebtedness of her son and she made the payment in March 1982, on behalf of her son and wrote a note indicating this to the bank.
The trial judge in his ruling from the bench following the evidence presented in the case, recognized that Mrs. Boudreaux was trying to help her son and he had to also doubt the credibility of Andre Bou-dreaux, just as we do, that he did not know his mother had made this payment on his behalf.
Accordingly, the judgment of the trial court in favor of the plaintiff is affirmed. All costs are assessed to the appellant, Andre Boudreaux.
AFFIRMED.
BOWES, J., dissents with written reasons.