Regina MULLEN and George Mullen,
Plaintiffs–Appellants,

v.

SEARS, ROEBUCK, AND COMPANY,
Defendant–Appellee.

No. 89–3180
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1989.

Paul J. Galuszka, New Orleans, La., for plaintiffs-appellants.

Bruce J. Brumfield, Jr., Jones, Walker, Etc., New Orleans, La., for defendants-appellees.

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The Mullens failed to comply with Louisiana's prescriptive statutes by serving Sears within the limitations period, service required by Louisiana because the suit was filed in a court where venue was improper. We hold that removing to federal district court where venue was proper did not relieve the Mullens from the service require-

ment. We therefore affirm the district court's summary judgment for Sears.

## I

On August 1, 1987, Regina Mullen fell while shopping at Sears's store in the Oakwood Shopping Center in Jefferson Parish, Louisiana. She allegedly slipped on an aisle wet from a leaking washing machine.

The Mullens' lawyer sent notice of their claim to Sears on August 19, 1987. On November 10, 1987, Allstate, Sears's insurer, paid emergency room expenses of $165.00, but advised that Sears did not admit liability for the fall. Allstate also advised them that (i) Sears's policy contained a premises medical payments provision requiring Allstate to pay up to $500.00 in reasonable medical expenses without regard to Sears's liability, and that (ii) Sears and Allstate might be willing to settle the claim. The parties exchanged letters about medical expenses, and on February 24, 1988, Allstate paid $75.00 more of those expenses, again with an express reservation of liability.

The parties did not settle, however, so on July 29, 1988, three days before the applicable Louisiana statute of limitations expired, the Mullens filed suit in the Civil District Court for the Parish of Orleans. The Mullens now admit venue was improper in that court under Louisiana law.

Sears was not served until August 4, 1988, after the statute of limitations had run. Ordinarily, Louisiana statutes of limitations are tolled when suit is filed, but when venue is improper the statute runs until the defendant is served. La.Civ.Code Ann. art. 3462 (West Supp.1989). If the defendant acknowledges his debt to the plaintiff within the prescriptive period, however, prescription is interrupted even if the plaintiff has not complied with the requirements of the statutes of limitations. La.Civ.Code Ann. art. 3464 (West Supp. 1989).

Sears filed no response in state court, but instead removed the suit to the United States District Court for the Eastern District of Louisiana. Sears then moved for summary judgment, urging that the suit was time barred because process was not served within the prescriptive period, as required by Article 3462. The Mullens argued that Article 3462 was inapplicable after removal and that, in any event, Sears acknowledged its debt to them under Article 3464 before the prescriptive period expired. The district court granted Sears's motion and the Mullens appealed.

## II

There is no longer any doubt that, had the Mullens first filed their diversity suit in federal court the requirements of the Louisiana prescriptive statutes would have been fully applicable, including Article 3462's service requirement. In *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the Court read *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) to require application in federal court of state statutes of limitations when jurisdiction rests on diversity of citizenship. In *Ragan v. Merchants Transfer and Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Court addressed the applicability in diversity cases of the process components of state prescriptive statutes in light of *Erie* and *Guaranty Trust Co. v. York*. Ragan filed his diversity suit in federal district court within the applicable state prescriptive period. He did not serve the defendant, however, until after that period, plus an additional statutory grace period, had expired. The state statute required both filing and service within the prescriptive period. Ragan urged that compliance with Rule 3, Fed.R.Civ.P., tolled the statute of limitations. Rule 3 provides that an action filed in federal court commences upon the filing of the complaint. His argument continued that state statutes setting suit commencement at service of process were inapplicable in a diversity action. The Court disagreed, persuaded that the service requirement was an integral part of the statute and the state's substantive policy. The court observed that "otherwise there is a different measure of the cause of action in one court than in the other, and the principle of *Erie R. Co. v. Tompkins* is

transgressed." 337 U.S. at 533, 69 S.Ct. at 1234.

*Ragan* was arguably eroded by the court's conclusion in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), that Rule 4, Fed.R.Civ.P. governed the manner of serving process in federal diversity actions, to the exclusion of state rules. The Court's broad language suggested that the relevant rules are federal in all suits in federal court, unless contrary to the Rules Enabling Act or the Constitution; and that there is no *Erie* choice to be made. 380 U.S. at 471, 85 S.Ct. at 1144. At least Justice Harlan and the Second Circuit thought the decision might have sounded a death knell for *Ragan*. *Hanna v. Plumer*, *supra*, at 474–78, 85 S.Ct. at 1145–48 (Harlan, J., concurring); *Sylvestri v. Warner and Swasey Co.*, 398 F.2d 598 (2d Cir. 1968).

So it was when the Court resolved doubts about *Ragan* in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). The Court held that Rule 3 did not affect the service requirements integral to state statutes of limitations. The Court concluded the Rule was not so broad:

> Rule 3 simply states that "[a] civil action is commenced by filing a complaint with the court." There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations. In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations.

446 U.S. at 750–51, 100 S.Ct. at 1985.

The Court held that the service requirements in the Oklahoma prescriptive statute were an integral part of the statute because the state's insistence on service was to promote its policies to promote repose and to protect defendants from stale claims. Thus, *Erie, Guaranty Trust Co. v. York*, and *Ragan* required district courts to apply them in diversity cases. *Id.* at 751–52, 100 S.Ct. at 1985–86.

There is little doubt but that the service requirement in Article 3462 reflects a determination by the Louisiana legislature that absent proper venue, only service provides adequate notice. The statute promotes the fundamental purposes of the Louisiana prescriptive statutes, which are "to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof." *Allstate Ins. Co. v. Theriot*, 376 So.2d 950, 954 (La.1979). Filing suit alone, if in the wrong parish, is not likely to give notice. We are persuaded that the requirement is integral to the Louisiana prescriptive statutes, and not supplanted by Rule 3.

The result the Mullens urge would have the anomalous effect of rendering Article 3462's service requirement inapplicable in every removed action even though the statute is fully applicable in Louisiana suits and in diversity suits filed originally in federal court. Such differing measures of the cause of action would step on *Erie R. Co. v. Tompkins*.

The Mullens argue, however, that removal cured the defect in venue and that Article 3462 was therefore not applicable. The argument is that venue would have been proper if their suit had originally been filed in this federal district court; that venue is proper in a removed case in the district court for the district and division in which the state court is located, whether or not by the measure of state law venue was proper in the state court. *Seaboard Rice Milling Co. v. Chicago, R.I. & P.R. Co.*, 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633 (1926); *Minnesota Mining and Manufacturing Co. v. Kirkevold*, 87 F.R.D. 317 (D.Minn.1980); 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure* § 3726 at 438 (1985).

We are not convinced that removal extricated the Mullens from the time bar. It is true that federal venue was proper upon removal and since Sears did not contest venue before removal, it might not have been able to do so in federal court. *See* 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure*, § 3726

at 439 (suggesting that if state venue is improper, the defendant may raise the issue in state court before removal, or may seek a transfer after removal). Transfer was not an option because both the Parish where suit was filed as well as the Parish where suit should have been filed were in the Eastern District of Louisiana. The defense was limitation, however, and Sears raised this affirmatively urging that the Mullens' claim was time barred under Louisiana law and that removal denied no defense available in state court. *Nationwide Engineering and Control Systems, Inc. v. Thomas*, 837 F.2d 345 (8th Cir.1988); 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1395 at 873 (1969). In sum, Sears did nothing to waive its defense under Louisiana law before removal, and raised it properly in the federal district court.

### III

■ The Mullens concede that if bound by the service requirement, their only argument is that Sears acknowledged its liability within the meaning of Article 3464. They argue Sears, or its agent, did so by (i) paying Mrs. Mullen's emergency room expenses, and some of her medical expenses; (ii) acknowledging the premises liability provision; and (iii) indicating they might be willing to settle the claim.

We noted recently in *Mikulecky v. Marriott Corp.*, 854 F.2d 115 (5th Cir.1988), that Louisiana courts read Article 3464 to require more than settlement negotiations. If, as here, the negotiations do not result in an agreement that the defendant is liable for the plaintiff's injuries, there is no acknowledgement sufficient to interrupt prescription. *Trainer v. Aycock Welding Co.*, 421 So.2d 416 (La.App. 1st Cir.1982); *Flowers v. United States Fidelity and Guarantee Co.*, 381 So.2d 378, *amended on reh'g*, 381 So.2d 381 (La.1980). Further, although partial payment of a debt can constitute a sufficient acknowledgement, *see, e.g., First National Bank of Jefferson Parish v. Boudreaux*, 511 So.2d 826 (La.App. 5th Cir.), *writ denied*, 514 So.2d 128 (La.1987), we have found no cases where payment

accompanied by an express reservation of liability was held to do so. The Mullens point us to none.

AFFIRMED.