Sharon MOORE,

v.

KMART CORPORATION.

Civ. A. No. 94–3771.

United States District Court,
E.D. Louisiana.

May 3, 1995.

Robert G. Harvey, Sr., New Orleans, LA, for plaintiff.

Dan R. Dorsey, River Ridge, LA, for defendant.

## ORDER AND REASONS

JONES, District Judge.

■ The defendant, Kmart Corporation ("Kmart"), moves to dismiss this matter, contending that the cause of action in this tort diversity suit has prescribed.[1] The Court considered this matter on memoranda only. Having reviewed the memoranda of the parties, the applicable law and the record, the Court GRANTS the motion.

### Background

On November 7, 1993, the plaintiff was allegedly injured when a shelf in a Kmart store located in St. Bernard Parish fell on her head. The defendant, Kmart, is a foreign corporation with its principal Louisiana business establishment in Jefferson Parish. On November 7, 1994, the plaintiff filed suit in Civil District Court for the Parish of Orleans, State of Louisiana. (Attachment to R.Doc. 1).[2] On November 17, 1994, Kmart was served and on November 28, 1994, removed the suit to federal court. *Id.* In December 1994, the defendant filed a notice of deposition of the plaintiff, (R.Doc. 3), and later filed this motion to dismiss prior to answering. (R.Doc. 5).

Kmart contends that the cause of action has prescribed because suit was filed in a state court of improper venue and because service of process was made after the one-year period of prescription had run. Plaintiff concedes that the suit would be prescribed if it were still in state court.[3] However, plain-

---

1. The defendant has filed a "Motion for Peremptory Exception" on the basis of prescription under Louisiana law, which is applicable in this diversity case. The Federal Rules of Civil Procedure do not provide for such a motion. Rule 8(c) provides that the affirmative defense of statute of limitations should be set forth in a responsive pleading, while Rule 12(b) sets forth a list of defenses that can be raised by motion, including a motion to dismiss for failure to state a claim upon which relief can be granted. Courts often permit a defense of statute of limitations to be raised on a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Wright & Miller, *Federal Practice and Proce-*

*dure: Civil 2d* § 1360. For that reason, the court construes the "Motion for Peremptory Exception" as a motion to dismiss for failure to state a claim upon which relief can be granted.

2. In her memorandum in opposition, plaintiff concedes that the lawsuit was inadvertently filed in Civil District Court for the Parish of Orleans. (R.Doc. 6.)

3. The plaintiff's "Response to the Motion for Peremptory Exception" states:

Plaintiff submits that if defendant had filed its peremptory exception under Louisiana Civil

tiff contends that the defendant waived its right to assert prescription by removing the suit or filing the notice of deposition. Additionally, plaintiff contends that Kmart cannot complain that the suit was brought in an improper venue because venue is now proper in federal court.

### Law and Application

In diversity actions, state law governs questions regarding the running of the statute of limitations, unless there is a direct conflict between the federal rules and the state rules. *Calhoun v. Ford,* 625 F.2d 576, 577 (5th Cir.1980) (citing *Walker v. Armco Steel Corp.,* 446 U.S. 740, 751, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980)). Because Fed. R.Civ.P. 3 does not address the question of when the prescriptive period is interrupted, a federal court in a diversity action must apply state law to make that determination. *Calhoun,* 625 F.2d at 577. *See also Mullen v. Sears, Roebuck, & Co.,* 887 F.2d 615 (5th Cir.1989) (holding that plaintiff must comply with Louisiana's codal articles on prescription, including Civil Code Article 3462's service requirement, in a removed diversity case).

Under Louisiana law, a delictual action such as this one is subject to a prescriptive period of one year. LSA–C.C. Art. 3492. Prescription is interrupted by the commencement of suit in a court of competent jurisdiction and venue or by service of process on the defendant within the prescriptive period after commencement of suit in an incompetent court or a court of improper venue. LSA–C.C. Art. 3462.[4]

According to the state's venue rules, this suit could have been brought in Jefferson Parish, where Kmart's principal business establishment in the state is located, or in St. Bernard Parish, where the accident occurred. LSA–C.C. Art. 42, 74. However, because suit was filed in Orleans Parish, the suit was not commenced in a court of proper venue.

Hence, prescription was not interrupted by the filing of suit. Additionally, because Kmart was not served with the lawsuit until after the period of prescription had run, this action has prescribed.

The plaintiff concedes the above. (Page 1, R.Doc. 6). However, plaintiff contends that the issue of prescription is "moot" because the suit is no longer in a court of improper venue. This contention is without merit, because Civil Code Article 3462 looks to whether venue was proper at the time the suit was commenced, not whether venue is currently proper. *See also Mullen,* 887 F.2d at 617–18 (stating that removal does not deny any defense available in state court, including prescription based on filing suit in a court of improper venue).

The plaintiff also maintains that Kmart waived its right to assert prescription as a defense when it removed the action or filed the notice of deposition. The Court addresses these arguments in turn. Plaintiff's first contention that removal resulted in a waiver of prescription fails for a number of reasons. Under Louisiana law, a defendant may waive prescription if it makes a "clear, direct, and absolute" acknowledgement of its intention to renounce the prescription. *See Fountain v. Anacoco Sand & Gravel, Inc.,* 352 So.2d 410, 412 (La.App. 3rd Cir.1977) (holding that defendant waives its right to assert prescription when it "acknowledge[s] the disputed claim [and displays] a clear intent to interrupt the running of prescription"). In *Fountain,* the defendant "clearly manifested an intent to waive the running of prescription" by sending a letter that so stated. *Id.* at 412. *Cf. Kelly v. General Mills Supplies, Inc.,* 331 So.2d 232, 2355 (La.App. 4th Cir.1976), *writ denied,* 334 So.2d 229 (La.1976) (defendant's failure to respond to letter wherein plaintiff agreed to dismiss federal suit in exchange for defendant's agreeing to "not raise objections as to any proce-

Code article 3462 in state court, this claim would likely be dismissed. (Page 1, R.Doc. 6).

4. Art. 3462 states that:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against

the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

dural defects" did not constitute clear acknowledgement of renunciation of prescription). In the present case, nothing in the Notice of Removal can be construed as a manifestation of a clear intention to waive prescription. (R.Doc. 1.)

 More importantly, the Federal Rules of Civil Procedure determine whether the defendant waived its right to assert the defense of prescription.

It is true that federal courts look to the applicable state limitations statute, including its tolling provisions, in determining the timeliness of claims.... But adoption of the state limitations period does not require the supplanting of the Federal Rules governing the procedure by which affirmative defenses, including the defenses of limitations and laches, must be raised.

*Moore v. Tangipahoa Parish School Board*, 594 F.2d 489, 495 (5th Cir.1979) (citations omitted) (holding that defendants waived right to raise defense of prescription by not raising it in their pretrial memorandum or their post-trial brief). Because no answer has been filed in this case, the defendant did not waive its defense of prescription. Further, courts generally allow a defense of statute of limitations, or prescription as applicable here, to be raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See* footnote 1, *supra*.

 Plaintiff's second contention that the defendant waived its right to the defense of prescription when it filed a notice of deposition in the record also fails. A general appearance includes a physical appearance in court, a filing of a document in the record, and any informal act that is responsive to the plaintiff's formal action in court and indicates that the defendant intends to contest the claims. *See Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989). Even assuming that Kmart's filing of a notice of deposition constituted a general appearance, such an appearance does not waive a party's right to file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(h)(2); Charles Wright & Arthur Miller, *Federal Practice and Procedure: Civil 2d* §§ 1361 at 446, 1392 at 761–62.

Finally, the plaintiff wrongly contends that Kmart should have raised the peremptory exception in state court before removing the case. The statute permitting removal of diversity cases provides that the notice of removal must be filed within thirty days of the defendant's receipt of the pleadings, by service of process or otherwise. 28 U.S.C. § 1446(b). If the defendant had raised the peremptory exception in state court and lost, he may have forfeited his ability to remove the case, had the state court decision been issued more than thirty days after the defendant received the pleadings.

Therefore, the Court concludes that the cause of action has prescribed and that the defendant did not waive its right to assert the defense.

Accordingly,

IT IS ORDERED that the defendant's "Motion for Peremptory Exception," construed as a motion to dismiss, is GRANTED.