**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30393
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WILLIAM J. BROUSSARD, JR. and
STELLA JANE HEBERT BROUSSARD,

Defendants-Appellants.

Appeal from the United States District Court
For the Western District of Louisiana
(4:95-CR-33-2)

November 1, 1996

Before JONES, DEMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

The United States brought suit to recover the unpaid and overdue principal and interest on three notes executed by William J. Broussard, Jr. ("Mr. Broussard") and Stella Jane Hebert

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

Broussard ("Mrs. Broussard"). The case was presented to the district court on cross motions for summary judgment based on stipulated facts. The district court granted summary judgment for the United States and the Broussards appeal.

## FACTS

On April 29, 1983, the Broussards executed three notes totaling approximately $73,000 evidencing loans from the Farmers Home Administration, an agency of the United States Department of Agriculture (the "United States"). The debt was secured by mortgages on several items of the Broussard's movable property. The Broussards failed to pay the installment payments due on January 1, 1985 and thereafter. Due to the Broussard's default, the United States accelerated the maturity of the unpaid principal and interest on September 25, 1986. From November 1988 through April 1989, the United States attempted to negotiate an agreement for "primary loan servicing." On April 10, 1989 the United States notified the Broussards that it intended to continue with acceleration of maturity of the notes.

On March 11, 1992, the Broussards tendered to the United States a cashier's check dated December 11, 1991 in the amount of $40,000 as well as an Application for Settlement of Indebtedness and the United States released the mortgages on the Broussard's property. The United States rejected the application, and the Broussards appealed, using the administrative review process. The rejection was affirmed on August 23, 1993, and the United States

returned $3,800 of the $40,000 previously tendered.  On January 26, 1995 the Broussards again tendered $3,800 to the United States and again it was returned.  On January 31, 1995, the United States filed suit, claiming approximately $113,000 in unpaid principal and accrued interest.

DISCUSSION

On appeal, the Broussards argue that the district court erred in granting summary judgment to the United States in light of three affirmative defenses: (1) the United States' claims are barred by the statute of limitations; (2) there has been an accord and satisfaction; and (3) the United States required Mrs. Broussard to execute the notes in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691.  We review the district court's grant of summary judgment *de novo.*  *Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).

A. STATUTE OF LIMITATIONS

The statute of limitations applicable in this case is contained in 28 U.S.C. § 2415(a) which state in pertinent part:

> . . . [E]very action for money damages brought by the United States . . . which is founded upon any contract. . . shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later: *Provided*, That in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment.

3

The United States' right of action accrued on September 25, 1986, when the United States accelerated maturity of the notes. This suit was filed on January 31, 1995, considerably more than six years after the acceleration. However, the district court found that the $40,000 tendered in March of 1992 amounted to "later partial payment" under § 2415(a), so that the right of action accrued again at that time.

The Broussards contend that the $40,000 was a "settlement offer" which did not constitute an acknowledgment and which was inadmissible under FED. R. EVID. 408 to establish liability. They rely on *Mullen v. Sears, Roebuck, & Co.*, 887 F. 2d 615 (5th Cir. 1989) for the proposition that a settlement offer must be accepted in order to serve as an acknowledgment that renews the statute of limitations. *Mullen* provides this Court limited guidance, in that it involved the application of a Louisiana prescriptive statute to a tort action, rather than the application of § 2415 to a claim based in contract. However, even if it did control the case before us, *Mullen* does not support the Broussard's position. There, we noted that partial payment can constitute a sufficient acknowledgment, but that the partial payment in that case, which was accompanied by an express reservation of liability, did not.

The Broussards deny that their tender of $40,000 was a partial payment sufficient to renew the cause of action as contemplated by § 2415 . Citing *United States v. Lorince*, 773 F.Supp. 1082, 1087

4

(N.D.Ill. 1991), the Broussards contend that not every partial payment of a debt is sufficient to start the statute of limitations running anew under § 2415; rather, the circumstances of the payment must reflect the intent of the debtor to honor the debt.  It is by no means clear that the Illinois district court's reliance in *Lorince* on legislative history to graft a requirement of <u>intent</u> onto the partial payment provision of § 2415 is appropriate. Further, the stipulated evidence before the district court clearly indicated that the Broussards made a partial payment along with an offer to pay an additional amount in the future.  The cashier's check for $40,000 represented proceeds from the liquidation of the property subject to the mortgages in the amount of $36,200 and an additional $3,800 toward the unpaid balance of the notes.  The cashier's check contained a notation in the bottom left corner, "Compromise offer W.J. Broussard $5,800."  This partial payment, combined with the note indicating a settlement offer of $5,800, but not conditioned on its acceptance, satisfied § 2415.  We therefore hold that the statute of limitations began to run anew in March 1992 and the suit filed in 1995 was within the six year limitations period.

B. ACCORD AND SATISFACTION

In order to successfully base a defense on accord and satisfaction, one must offer facts which demonstrate (1) the existence of an unliquidated or disputed claim; (2) an offer by the

5

obligor; and (3) an acceptance of the offer by the obligee. *Fischbach & Moore, Inc. v. Cajun Power Co-op*, 799 F. 2d 194, 198 (5th Cir. 1986). Because no evidence before the district court created a genuine issue of material fact as to the third factor -- the United States did not accept the Broussard's offer -- the Broussard's claim of accord and satisfaction fails.

C. EQUAL CREDIT OPPORTUNITY ACT

Under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a)(1), ("ECOA") it is unlawful for a creditor to discriminate against an applicant for credit on the basis of, *inter alia,* sex or marital status. Mrs. Broussard contends that the United States insisted that she sign the loan applications as a requirement to extending credit to Mr. Broussard when Mr. Broussard was independently credit-worthy and thereby violated the ECOA. Mrs. Broussard argues that this violation of the ECOA constitutes an affirmative defense to the United States' efforts to collect from her.

In a community property state, such as Louisiana, a creditor may require the signature of the applicant's spouse to make the property being offered as security available to satisfy the debt in the event of a default. 12 C.F.R. 202.7(d)(4). Because the Broussards' notes were secured by several acts of mortgage on movable property to which Mrs. Broussard had a community property claim, 12 C.F.R. 202.7(d)(4) controls. Mrs. Broussard's ECOA

6

argument is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment to the United States.

AFFIRMED.