IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30850
Summary Calendar
_____

MATTHEW VAUGHN, JR, Individually & as
Administrator & Natural Tutor of his
minor son, on behalf of Matthew Vaughn, III,

                                        Plaintiff-Appellant,

v.

TRAVIS FRAME, Individually & in his official
capacity as officer for Melville Police
Department; RANDY ROWE, Individually & in his
official capacity as officer for Melville Police
Department; TOWN OF MELVILLE; POLICE DEPARTMENT OF MELVILLE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-2421
--------------------
February 14, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Matthew Vaughn, Jr. ("Vaughn"),

individually and as Natural Tutor of his son, Matthew Vaughn III,

appeals the district court's grant of summary judgment in favor

of Defendants-Appellees and its dismissal of his suit with

prejudice.  We AFFIRM.

_____

    [*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

1

Vaughn originally filed suit against Defendants-Appellees Travis Frame and Randy Rowe, individually and in their capacities as police officers for the Town of Melville, the Town of Melville, and the Police Department of Melville (collectively, the "Appellees") in Louisiana state court on September 9, 1998. Vaughn alleged that officers Frame and Rowe violated his son's civil rights on October 11, 1997. The suit sought damages under 42 U.S.C. § 1983 and Louisiana civil rights laws. On December 10, 1998, Vaughn requested that the clerk proceed with service of process against the Appellees. After being served, the Appellees removed the case to federal court and moved for summary judgment on the ground that they had not been timely served. The district court granted the motion and, finding that Vaughn's cause of action had prescribed, it dismissed his suit with prejudice. Vaughn timely appeals.

This court reviews the district court's grant of summary judgment de novo. Weyant v. Acceptance Ins. Co., 917 F.2d 209, 212 (5th Cir. 1990). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

A federal district court looks "to state law to ascertain whether service was properly made prior to removal." <u>Freight Terminals, Inc. v. Ryder Sys., Inc.</u>, 461 F.2d 1046, 1052 (5th Cir. 1972). Objections regarding service of process which arise prior to removal may be raised in federal court and are not waived by removal. See <u>Mullen v. Sears, Roebuck, and Co., 887 F. 2d 615, 618 (5th Cir. 1989). Such objections remain available to the defendant even if they would not have been available had the suit originated in federal court. See id.</u>

<u>Vaughn argues that the district court erred in granting Appellees' motion for summary judgment and dismissing his claims with prejudice because: (1) he had "good cause" for failing to request service within the time provided for by Section 13:5107 of the Louisiana Revised Statutes; (2) no contradictory hearing was held with respect to the Appellees' summary judgment motion; and (3) under Section 9:5801 of the Louisiana Revised Statutes the prescriptive period was tolled upon Vaughn's filing in state court, even if his request for service was untimely. These arguments are without merit.</u>

<u>Vaughn's request for service was untimely. See La. Rev. Stat. Ann. § 13:5107(D) (West 2000). Louisiana law requires that, in any suit naming "the state, a state agency, or political subdivision, or any officer or employee thereof," service "shall" be requested within ninety days of filing suit. Id. Vaughn did not request service until ninety-two days after he filed suit. He argues, however, that article 1672(C) of the Louisiana Code of</u>

Civil Procedure prohibits dismissal if the plaintiff can show "good cause [for] . . . why service could not be requested" in a timely manner. La. Code Civ. Proc. Ann. art. 1672(C) (West 2000). We are wholly unconvinced that Vaughn's reason for failing to make a timely request for service, ongoing settlement negotiations with the Appellees' insurer, is "good cause" within the meaning of article 1672(C). Simply put, the existence of ongoing settlement negotiations does not show that Vaughn "could not . . . request[]" service. Id.

Vaughn's argument that a contradictory hearing should have been held on Appellees' motion for summary judgment is equally without merit. Neither article 1672(C) nor § 13:5107(D) requires a hearing before dismissing a case for failure to make a timely request for service. They require only that a contradictory motion be made. Appellees' motion for summary judgment was not ex parte, it was served upon Vaughn and Vaughn filed pleadings in opposition. Therefore, the motion for summary judgment constituted a contradictory motion. See La. Code. Civ. Proc. Ann. art. 963 (West 1984).

The district court properly determined that Vaughn's suit was time-barred. When a suit is dismissed pursuant to § 13:5107(D), the running of the prescriptive period is not interrupted or suspended by filing suit.[2] Because there is no

_____

[2] The statute provides that "[w]hen the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action . . . shall not interrupt or suspend the running of

4

federal statute of limitations governing § 1983 actions, federal courts borrow the most appropriate statute of limitations from the forum state in which the action is brought. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). The analogous statute of limitations under Louisiana law provides for a one year prescriptive period. See La. Civ. Code. Ann. art. 3492 (West 1994).

The incident Vaughn complains of occurred on October 11, 1997. However, Vaughn did not request service until December 10, 1998. By operation of § 13:5107(D)(3), Vaughn did not interrupt or suspend the running of prescription by filing suit. Thus, Vaughn's claims prescribed because he failed to request service within one year of the alleged injury. As such, it was proper for the district court to dismiss Vaughn's claims with prejudice.

Vaughn has failed to show that there is a genuine issue of fact for trial. The district court was therefore correct in granting the Appellees' motion for summary judgment and dismissing Vaughn's claims with prejudice. We AFFIRM.

---

prescription." La. Rev. Stat. Ann. § 13:5107(D)(3) (West 2000).