# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2022

Lyle W. Cayce
Clerk

No. 20-30197

John Billiot; Jordy Lee; Taylor Roy,

*Plaintiffs—Appellants*,

*versus*

Multifamily Management, Incorporated; GMF-Preservation of Affordability Corporation; XYZ Insurance Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-715

Before Higginbotham, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

This contract and personal-injury-liability lawsuit arose after plaintiff John Billiot's Lawn Service agreed to provide lawncare at a property owned by GMF Preservation of Affordability Corporation ("GMF") through a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

contract with GMF and its agent, Multifamily Management, Inc. ("MMI") (collectively, "Defendants"). While on the property, Billiot and his employees, Jordy Lee and Taylor Roy (collectively, "Plaintiffs"), were injured during a sequence of events allegedly resulting from an air conditioner's falling from a second-story window and hitting Billiot. While helping Billiot after he was struck, Lee allegedly strained his back and Roy "crushed" his foot.

Plaintiffs initially filed suit in Louisiana state court, naming MMI and GMF as defendants and asserting personal injury claims for damages related to their injuries. Plaintiffs also asserted a breach of contract claim, alleging that they were not paid for lawn care services provided. Defendants removed the suit to federal court on the basis of diversity of citizenship under 28 U.S.C. § 1332. Concluding that Plaintiffs' personal injury claims were prescribed under La. Civ. Code Ann. art. 3492 and that Plaintiffs had failed to state a plausible claim for breach of contract, the district court granted Defendants' motions for summary judgment and to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiffs appeal those rulings here.

## I.

The standard of review for a district court's grant of summary judgment under Fed. R. Civ. P. 56 is *de novo*. *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the summary judgment evidence would enable a reasonable jury to return a verdict for the non-movant. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).

The standard of review for a district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is also *de novo*. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Although well-

pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff, factual allegations must be sufficient to raise a right to relief beyond the merely speculative level. *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To meet this standard, a complaint must provide more than just conclusory statements; "it must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Twombl*y, at 570).

## II.

### A. Personal Injury Claims

Plaintiffs challenge the district court's determination that their personal injury claims are prescribed and the district court's resulting grant of summary judgment to Defendants. Under Louisiana's Civil Code, delictual actions, including personal injury claims, are subject to a liberative prescriptive period of one year beginning from the day of the injury. La. Civ. Code Ann. art. 3492. In this case, the alleged injuries occurred on August 23, 2017. Therefore, unless prescription was interrupted, the personal injury claims prescribed on August 23, 2018. To interrupt prescription, a plaintiff must file an action in a court of competent jurisdiction and venue, or properly serve the defendant, within the prescriptive period. La. Civ. Code Ann. art. 3462.

Here, Plaintiffs filed suit on June 21, 2018, which was within the prescriptive period, but, as is undisputed, they did so in a court of incompetent venue. Under Louisiana's Civil Code, venue would have been proper in East Baton Rouge Parish or Orleans Parishes, where, respectively, the Defendants' principal places of business are located, or in Calcasieu Parish, where

No. 20-30197

the accident occurred, the contract was executed, and the work was performed.[2]  However, Plaintiffs filed in Point Coupée Parish.

As noted, Defendants then removed the suit to the United States District Court for the Middle District of Louisiana on July 26th, 2018, prior to the date of prescription.  Before the district court, Plaintiffs argued that they properly served Defendants or, alternately, that removal to federal court relieved them of their duty under Louisiana law to interrupt prescription.

GMF's agent for service of process in Tennessee was indeed served on July 11th, 2018, and MMI's agent for service of process in Alabama was served on or about July 17th, 2018.  Service was ostensibly attempted under Louisiana's long-arm statute.  However, the district court found that service improper as a matter of law, as Louisiana's Civil Code allows only foreign corporations to be served via the state's long-arm statute.[3]  Both defendant corporations had a designated agent for service of process in Louisiana; thus,

---

[2] *See* LA. CODE CIV. PROC. ANN. art. 42 ("The general rules of venue are that an action against: . . . (4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state . . . ."); *id.* art. 76.1 ("An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract."); *id.* art. 74 ("An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."); *id.* art. 45 ("If . . . there is a conflict between two or more of Articles 42 and 71 through 77, the plaintiff may bring the action in any venue provided by any applicable article.").

[3] LA. CIV. CODE ANN. art. 1261(B) (Service may be effected via long-arm only "[i]f the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent . . .").

No. 20-30197

the district court reasoned, they could not have been properly served pursuant to the long-arm statute.

On appeal, Plaintiffs do not challenge the district court's determination that Defendants were not properly served under Louisiana law before the prescriptive period expired. Rather, they argue that upon removal to federal court the Federal Rules of Civil Procedure supplanted the otherwise applicable Louisiana law on prescription, and that service was timely and proper under FED. R. CIV. P. 81(c).

We disagree that removal to the district court relieves a plaintiff of the obligation under state law to interrupt prescription. The district court properly relied on this court's precedent in *Mullen v. Sears, Roebuck, & Co.* in concluding that Defendants could assert prescription due to improper venue and insufficient service as a defense to this suit, and that they had not waived this defense by removing it to what would have been a proper federal venue. 887 F.2d 615 (5th Cir. 1989). In *Mullen*, we held that removal to federal court did not interrupt prescription under Article 3492.

Plaintiffs argue that *Mullen* is distinguishable because there the case had been removed from an improper state court venue to a proper federal court venue *after* the end of the prescriptive period, whereas here removal to a federal court with proper venue occurred before prescription ran. However, Plaintiffs misquote *Mullen* in claiming that the case stated that "removal did not deprive a defendant of a limitations defense available under state law *at the time of removal*."[4] Relying on this erroneous quotation, they argue that, because the removal here occurred *before* the end of the prescriptive period, the defense of prescription was not available in state court *at the*

---

[4] The language that Plaintiffs' purport to quote from *Mullen* does not in fact appear in the opinion.

5

*time of removal*, and thus the defense was not available after removal to federal court.[5]

A close reading of *Mullen* belies this argument. *Mullen* did not limit its ruling to defenses available in state court at the time of removal; in fact, it stated that finding removal to waive the defense of prescription under LA. CIV. CODE art. 3492 "would have the anomalous effect of rendering Article 3462's service requirement inapplicable in every removed action *even though the statute is fully applicable in Louisiana suits and in diversity suits filed origi-nally in federal court.* Such differing measures of the cause of action would step on *Erie R. Co. v. Tompkins.*"[6] *Mullen*, 887 F.2d at 617 (emphasis added); *see also Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99 (1945) (stating that *Erie* requires the application of state statutes of limitations in federal court when jurisdiction rests on diversity of citizenship). Other cases cited by the court in *Mullen* also refute Plaintiffs' argument that *Mullen* is distinguishable on the grounds of post-prescription versus pre-prescription removal. In *Ragan v. Merchants Transfer & Warehouse Co.*, for example, the Supreme Court stated:

> [t]he force of th[e] reasoning [that the instant case is barred in federal court, as the parties concede it would have been by the statute of limitations if brought in the state court] is sought to be avoided by the argument that the Federal Rules of Civil Pro-cedure determine the manner in which an action is commenced in the federal courts—a matter of procedure which the princi-ple of *Erie R. Co. v. Tompkins* does not control. It is accordingly

---

[5] *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRAC-TICE AND PROCEDURE, § 1395 (1st ed. 1969) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections. . . . [T]he defendant may take advantage of any legitimate defense that would have been available to him or her in the state court.") (footnotes omitted).

[6] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

No. 20-30197

argued that since the suit was properly commenced in the federal court before the Kansas statute of limitations ran, it tolled the statute. . . . **But in the present case we look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the measure of it is to be found only in local law.** It carries the same burden and is subject to the same defenses in the federal court as in the state court. It accrues and comes to an end when local law so declares. **Where local law qualifies or abridges it, the federal court must follow suit. Otherwise there is a different measure of the cause of action in one court than in the other, and the principle of *Erie R. Co. v. Tompkins* is transgressed. We can draw no distinction in this case because local law brought the cause of action to an end after, rather than before, suit was started in the federal court.** In both cases local law created the right which the federal court was asked to enforce. In both cases local law undertook to determine the life of the cause of action. We cannot give it longer life in the federal court than it would have had in the state court without adding something to the cause of action. We may not do that consistently with *Erie R. Co. v. Tompkins*.

337 U.S. 530, 532–34 (1949), (internal citations and footnotes omitted) (emphasis added); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) (holding that Fed. R. Civ. P. 3, which states that a civil action is "commenced" upon filing a complaint with the court, did not toll or displace service requirements integral to state statutes of limitations.); *Mullen*, 887 F.2d at 617 ("There is little doubt but that the service requirement in Article 3462 reflects a determination by the Louisiana legislature that absent proper venue, only service provides adequate notice. . . . We are persuaded that the requirement is integral to the Louisiana prescriptive statutes[.]")

This language directly contradicts Plaintiffs' argument that *Mullen* is distinguishable merely because it involves post-prescription removal. Plaintiffs provide no other argument that *Mullen* is inapplicable and we find no

7

No. 20-30197

reason that it ought not apply here. Accordingly, we hold that, as in *Mullen*, Plaintiffs' personal injury claims are prescribed under LA. CIV. CODE art. 3492.[7]

## B. Breach of Contract Claims

Plaintiffs also argue that the district court erred in dismissing their contract claims against MMI for failure to state a claim upon which relief can be granted.[8] Plaintiffs aver that MMI breached the contract between the parties by failing to pay them for lawn care services Plaintiffs provided. However, the plain language of the contract identifies MMI as GMF's

---

[7] Plaintiffs argue that Defendants waived their right to assert the prescription defense on the grounds that: (1) either Defendants implicitly agreed that they had been properly served via their notice of removal or due process imposed a 'duty' on Defendants to waive service upon removing the case, or (2) Defendants relinquished the defense when they requested an extension of time to answer in federal court. These arguments are easily dismissed. Plaintiffs misconstrue the removal statute, 28 U.S.C. § 1446, as establishing that Defendants could not remove this action to federal court without alleging that all parties had been properly served and consented to the removal. But the removal statute contains no such requirement. Additionally, Plaintiffs provide no support for their contention that Defendants' request for an extension of time constituted a waiver of the state prescription defense, and they do not provide any evidence that Defendants undertook any action for the purpose of keeping them in ignorance of the possibility of prescription. Nor do Plaintiffs provide support for their claim that Defendants had a statutory or due process duty to warn them of the pending prescription deadline before seeking a motion to extend time to file their response. *See* FED. R. APP. P. 28(a)(8)(A) (stating that an appellant's brief must contain, inter alia, citations to the authorities on which the appellant relies). Finally, having concluded that Plaintiffs' personal injury claims are prescribed, we decline to address their alternate arguments, including that the indemnity clause contained in the contract between the parties, which the district court found to waive Plaintiffs' right to bring these personal injury claims, is void as against Louisiana's public policy, or that the district court construed the indemnity clause too broadly.

[8] Plaintiffs also argue that the district court erred in dismissing their breach of contract claims against GMF. However, a careful review of the record leads us to agree with the district court and Defendants that Plaintiffs have never in fact pleaded a claim for breach of contract against GMF, but only against MMI. Thus, we decline to address this argument.

No. 20-30197

management agent alone and stipulates that it is not responsible for payment under the contract. Therefore, we find no error in the district court's 12(b)(6) dismissal of Plaintiffs' contract claims.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.