# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-30353

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2019

Lyle W. Cayce
Clerk

ROGER D. MAGEE,

      Plaintiff–Appellant,

v.

WALTER P. REED, in his official capacity as District Attorney for Washington Parish; WALTER P. REED, in his personal capacity; JERRY WAYNE COX,

      Defendants–Appellees.

———————————————

Appeal from the United States District Court
for the Eastern District of Louisiana

———————————————

Before STEWART, Chief Judge, DENNIS, and WILLETT, Circuit Judges.

PER CURIAM:

Roger D. Magee appeals the dismissal of his wrongful imprisonment, free speech retaliation, and procedural due process claims against Walter P. Reed (District Attorney for Washington Parish, Louisiana) and Jerry Wayne Cox (a minister in Franklinton, Louisiana). We conclude that the district court erred by (1) relying on *Heck v. Humphrey*, 512 U.S. 477 (1994), to dismiss Magee's wrongful imprisonment and free speech retaliation claims, and (2) resolving a genuine dispute of material fact at the summary judgment stage to dismiss Magee's due process claim. Accordingly, we REVERSE the district court's dismissal and REMAND for further proceedings.

No. 17-30353

## I. BACKGROUND

### A.     Factual

Between 2010 and 2012, Magee informed the FBI about Cox and Reed's unlawful business dealings, including tax fraud. After learning of Magee's conversations with the FBI, Cox threatened Magee, claiming that Reed was "ex-FBI" and had "t[aken] care of it." Cox also told Magee that if he ever came to Louisiana, Reed would "handle" him. Two years later, in 2014, Magee traveled to Louisiana and was soon arrested for failure to pay child support. During his 101-day incarceration, Magee made many requests for bail through both his family and criminal defense counsel but was refused due to a "DA Hold," a type of hold both parties agree is not recognized by law. Magee's eventual release was conditioned on his agreement to plead guilty to failure to pay child support and to resisting an officer.

Shortly after his release, Magee received a phone call from Cox's daughter asking if he intended to "pursue this any further." Taking the question as a reference to his cooperation with the FBI, Magee told her he was "done."

### B.     Procedural

Magee's First Amended Complaint alleged various violations of his rights—both under the U.S. Constitution and under Louisiana tort law—against assorted defendants. Some claims went to trial while others were dismissed. Reed and Cox each filed motions to dismiss all claims against them under Rule 12(b)(6), or, in the alternative, under Rule 12(c) or Rule 56. The district court granted both motions, dismissing all claims.

The only claims before us are Magee's § 1983 claims against Reed (in both his official and personal capacities) for false imprisonment, free speech retaliation, and procedural due process violations, and against Cox for free speech retaliation.

No. 17-30353

## II. STANDARD OF REVIEW

We review dismissals under Rule 12(b)(6) and 12(c) de novo. *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). And the standard for dismissal under Rule 12(c) is the same as under Rule 12(b)(6): "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

We also review de novo a district court's grant of summary judgment under Rule 56. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if the summary judgment evidence would enable a reasonable jury to return a verdict for the non-movant. *Hyatt*, 843 F.3d at 177.

## III. DISCUSSION

**A.  The District Court Erred by Relying on *Heck* to Dismiss the Free Speech Retaliation Claim Against Cox and the False Imprisonment and Free Speech Retaliation Claims Against Reed.**

In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983. 512 U.S. at 486–87. However, if a successful civil rights claim will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the claim should be allowed to proceed, in the absence of some other bar to the suit. *Id.* at 487.

3

Here, the district court reasoned that the false imprisonment and free speech retaliation claims required proof that Magee's arrest was not supported by probable cause. Thus, success on these claims would render Magee's guilty plea convictions invalid under *Heck*.

We disagree. Magee's claims stem *not* from his arrest but from his denial of bail. In *Eubanks v. Parker County Commissioners Court*, we held that *Heck* was inapplicable to violations stemming from a denial of bail because a denial of bail has "no bearing" on the validity of the underlying convictions. No. 94-10087, 1995 WL 10513, *1, *3 (5th Cir. Jan. 3, 1995) (unpublished but precedential under 5th Cir. R. 47.5.3). Even assuming Magee was guilty of the crime he was arrested for, he was still entitled to bail under the Louisiana Constitution. LA. CONST. art. I, § 18. Success on Magee's false imprisonment and free speech retaliation claims would not invalidate his initial arrest or guilty plea. Thus, the district court erred in relying on *Heck* to dismiss Magee's false imprisonment and free speech retaliation claims.

## B. The District Court Erred by Dismissing the Procedural Due Process Claim Against Reed.

First, we must consider whether the district court converted a Rule 12 motion into a summary judgment proceeding by considering evidence outside the pleadings. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). If so, while review is still de novo, we must inquire whether there is a genuine dispute as to a material fact. *See* FED. R. CIV. P. 56(a).

Reed attached to his motion to dismiss a trial court minute entry, which established that the district court set a $750 bond on Magee's charge for resisting arrest and did not set bond for his child support charge. Reed used this to try to establish that neither he nor anyone from his office was present

at the bond hearing. The district court used the minute entry to conclude that Reed was not causally connected to the claim. Because the district court relied on evidence outside the pleadings, we must treat this as a review of summary judgment and ask whether there is a genuine dispute as to a material fact.

While Reed attached evidence meant to establish that neither he nor his office was involved in Magee's bail hearings, Magee submitted evidence to establish the opposite. In response to Reed's motion, Magee submitted declarations from his criminal counsel, Marion Farmer, from his aunt, Ruby Magee, and from himself to establish that he had been denied bail subject to a "DA Hold," a type of hold that *both* parties agree is not recognized by law.

Magee has established evidence of the DA Hold by providing sworn affidavits from multiple parties. Resolving all reasonable inferences in favor of the nonmoving party, as we must, we conclude that the existence of a mysterious and unheard-of "DA Hold" could lead a reasonable juror to believe that the District Attorney or his office was engaged in some sort of foul play or direct intervention with Magee's ability to receive bail. Thus, there is a genuine dispute as to a material fact—namely, whether such a "DA Hold" actually exists and whether it was used to deny Magee bail—meaning summary judgment was inappropriate.

The district court explicitly relied on the minute entry submitted by Reed. But it made no mention of Magee's contrary evidence, thus improperly resolving a genuine dispute of material fact at the summary judgment stage.

## IV. CONCLUSION

The district court erred in concluding that Magee's false imprisonment and free speech retaliation claims were barred by *Heck*. It also erred in resolving a genuine dispute of a material fact at the summary judgment stage to dismiss Magee's due process claim. We REVERSE the district court's dismissal and REMAND for further proceedings.