# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2019

Lyle W. Cayce
Clerk

BRANDON S. LAVERGNE,

   Plaintiff-Appellant,

v.

N. BURL CAIN, Warden, LA State Prison (LSP); MAJOR MICHAEL VAUGHN, Investigator, Louisiana State Penitentiary,

   Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-34

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

  Brandon LaVergne appeals from the denial of his claims against various prison officials relating to his ability to send mail from prison. The district court dismissed some of LaVergne's claims under Federal Rule of Civil Procedure 12(b)(6) and denied the rest at summary judgment.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31101

We review *de novo* the dismissal of claims pursuant to Rule 12(b)(6). *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). "Summary judgment rulings are reviewed *de novo*, with all facts and inferences construed in the light most favorable to the nonmoving party." *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

We have carefully reviewed LaVergne's numerous arguments regarding the district court's Rule 12(b)(6) dismissal. And because LaVergne is proceeding *pro se*, we have construed his briefing liberally. Still, he has failed to identify any reversible error in the district court's Rule 12(b)(6) decision.

The district court rested is summary judgment decision on the doctrine of qualified immunity. Qualified immunity protects government officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted). In determining a defendant's entitlement to qualified immunity, this court conducts a two-pronged analysis and evaluates whether the summary judgment evidence shows that "the officer's conduct violated a constitutional right, and whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *McCreary*, 738 F.3d at 656. "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v.*

2

*Pelzer*, 536 U.S. 730, 739 (2002) (internal quotation marks and citation omitted).

"A qualified immunity defense alters the usual summary judgment burden of proof" by shifting it to the plaintiff, who then "must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citations omitted). "The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor." *Id.* (citation omitted). Summary judgment "remains appropriate [if] none of the relevant factual disputes between the parties affects the ultimate legal determination that [a defendant] is entitled to qualified immunity." *McCreary*, 738 F.3d at 657.

LaVergne has not shown that the prison officials' "mail block" violated clearly established law. Therefore, the district court was correct to enter summary judgment in favor of the officers on the basis of qualified immunity.

AFFIRMED.