# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20811
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2020

Lyle W. Cayce
Clerk

REZA AHMADI,

Plaintiff−Appellant,

versus

LORIE DAVIS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division;
DAVID G. GUTIERREZ, Chair;
CHARLEY VALDEZ,
Program Supervisor III Classification and Records, TDCJ-ID,

Defendants−Appellees.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REZA AHMADI,

Plaintiff−Appellant,

versus

LORIE DAVIS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:19-CV-3260
No. 4:19-CV-3413

No. 19-20811

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Reza Ahmadi, former Texas prisoner #1713862, moves to proceed *in forma pauperis* ("IFP") in this appeal from the denial of his 42 U.S.C. § 1983 action wherein he sought damages based on an allegedly unlawful period of confinement and an incorrect calculation of his date of discharge. The district court dismissed the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and denied Ahmadi's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Ahmadi's motion to proceed IFP and his appellate brief are construed as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). To proceed IFP, Ahmadi must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

This court's inquiry into whether a nonfrivolous issue exists "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If this court upholds the district court's certification and the appellant persists in taking an appeal on the merits, he must pay the full appellate filing fees and costs within thirty days or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. This court may determine the merits of an appeal "where the merits are so intertwined with the certification decision as to constitute the same

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

issue." *Id.* If the appeal is frivolous, this court may dismiss it *sua sponte.* *Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

In *Heck*, "the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019). Ahmadi incorrectly argues that, because he no longer has the habeas remedy available to him, his § 1983 complaint is not subject to the favorable-termination requirement in *Heck*. He does not establish that the calculation of his sentence has been reversed, invalidated, or otherwise set aside. Consequently, his suit for damages based on his allegedly unlawful confinement is barred by *Heck*. *See Magee*, 912 F.3d at 822.

Because Ahmadi fails to present a nonfrivolous issue for appeal, the appeal is DISMISSED as frivolous, and Ahmadi's IFP motion is DENIED.[1] *See Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2. Given Ahmadi's history of frivolous and repetitive litigation regarding his conviction and confinement, he is WARNED that the filing of frivolous, repetitive, or otherwise abusive challenges to his conviction or confinement will invite the imposition of sanctions, which can include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. To avoid sanctions, Ahmadi is ORDERED to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.

---

[1] Because *Heck* is dispositive, this court will not address Ahmadi's remaining appellate arguments.