# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2023

Lyle W. Cayce
Clerk

No. 22-40312
Summary Calendar

---

Rogelio Roel Bustinza,

*Plaintiff—Appellant*,

*versus*

Omar Lucio, *Cameron County Sheriff*; Sergeant A. Delgado, *Jailer*; Sergeant J. Ybarra, *Jailer*; D (CPL) Castillo, *Jailer*; Sergeant Rodriguez, *Jailer*; G. Santos, *Jailer*; Dean Garza, *Medical Doctor*; Sergeant Ayala, *Jailer*; Juan Moya, *Jailer*; Noe Santibanez, *Jailer*; Julie Pena, *Nurse*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CV-36

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Proceeding pro se, former Texas prisoner Rogelio Roel Bustinza filed a civil rights action under 42 U.S.C. § 1983, the Religious Land Use and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Institutionalized Persons Act ("RLUIPA"), and the Freedom of Information Act, alleging myriad claims against various defendants based on events that occurred during his time in custody in the Cameron County Jail ("CCJ"). He sued defendants in their individual and official capacities and sought both monetary damages and injunctive relief. Most of his claims were dismissed by the district court under Rule 12(b)(6), and the district court later granted summary judgment for the defendants with respect to his remaining claims. Liberally construing Bustinza's pro se appeal, he challenges the district court's 12(b)(6) dismissal of his claims concerning religious freedom, access to the courts, and conditions of confinement, as well as the district court's denial of additional discovery at summary judgment. Finding no error with the district court's judgment, we AFFIRM.

We review dismissals under Rule 12(b)(6) *de novo*. *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)). We also review grants of summary judgment *de novo*. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Bustinza challenges the dismissal of his claim that his religious freedom was violated because CCJ denied him meat-free meals during Lent. Individual-capacity claims are not supported by RLUIPA; as such, we only consider Bustinza's official-capacity claim. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 327 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011). Bustinza does not contest that his claim for injunctive relief is moot—he was transferred from CCJ and eventually released, and he makes no argument that he is at risk of returning. *See Herman v. Holiday*, 238 F.3d

660, 665 (5th Cir. 2001) (RLUIPA claim is moot where "the possibility of transfer back . . . is too speculative"). And his claim for monetary damages fails because sovereign immunity bars such suits under RLUIPA. *Sossamon*, 563 U.S. at 293. Accordingly, this claim was properly dismissed.

Bustinza's challenge to the dismissal of his court-access claim also fails. He summarily alleges that his constitutional right to access the courts was violated because CCJ did not provide him access to a law library. But he must also demonstrate "a relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). In other words, "[t]he inmate must describe the underlying claim well enough to show that its 'arguable nature . . . is more than hope.'" *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)). Here, Bustinza fails to allege how he was injured by the lack of access to a law library—at most, he claims that his ability to challenge his underlying conviction was hindered. But he fails to identify any legal issue that he would have brought in his criminal appeal, and this is fatal to his claim. *Id.*

Bustinza also claims that his conditions of confinement at CCJ were unconstitutional. His most extreme allegations are that the cells were very cold, that one of three toilets of his cell block was broken for approximately one week and dripped human waste onto the floor, and that inmates were not provided gloves to clean toilets or disinfectant for hair clippers or nail cutters. To establish an Eighth Amendment violation, Bustinza must plead facts establishing: (1) "that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of 'the minimal civilized measure of life's necessities')," and (2) "that the prison official possessed a sufficiently culpable state of mind." *Herman*, 238 F.3d at 664 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Bustinza does not allege sufficiently serious deprivations to establish a constitutional violation. We have previously held that allegations of "uncomfortable" temperatures,

without more, cannot support a finding that a plaintiff was subject to cruel and unusual punishment, *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995), and that a toilet leaking for an insubstantial amount of time is not a constitutional violation, s*ee Davies v. Fuselier*, 252 F.3d 434 (5th Cir. 2001) (per curiam) (unpublished). Moreover, Bustinza admits in his complaint that, while he did not receive his preferred cleaning materials, he received alternative supplies (a mop bucket and water) to disinfect his cell and the toilets. Taken as true, these allegations are insufficient to show an Eighth Amendment violation.

Finally, Bustinza challenges the district court's denial of his request for additional discovery. He sought discovery in relation to two retaliation claims that were dismissed by the district court at summary judgment. Specifically, he sought sworn statements from defendants, access to the docket to recover witness information, and video camera recordings from CCJ, which he alleges would show that defendants were lying to the court and that the alleged retaliation occurred.  To support this request, Bustinza was required to specify how the "additional discovery [would] defeat the summary judgment motion." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

As the district court recognized, Bustinza failed to explain how this evidence would create a material factual dispute to defeat summary judgment. His first retaliation claim for retaliatory assault was dismissed at summary judgment because he did not allege that he exercised a constitutional right, which is a necessary element for retaliation claims. *See Petzold v. Rostollan*, 946 F.3d 242, 252 (5th Cir. 2019) (noting that, for a retaliation claim, a prisoner must prove that "he or she exercised a constitutional right"). Additional evidence cannot change this legal conclusion, which Bustinza does not dispute. And Bustinza's second retaliation claim, which concerned a retaliatory shakedown, was dismissed because, *inter alia*, he presented no evidence of the grievances that allegedly

precipitated the shakedown.  The additional discovery would not uncover anything that would create a material factual dispute with respect to this issue. Defendants have already produced Bustinza's entire prisoner file, which included any grievances and inmate request forms filed by him, and provided those records to Bustinza.  Any further discovery in this case would have amounted to a fishing expedition, and the district court properly denied Bustinza's request for additional discovery.

For the foregoing reasons, the judgment of the district court is AFFIRMED.