# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2024

Lyle W. Cayce
Clerk

No. 23-30391
Summary Calendar
_____

Errol Victor, Sr., Reverend, L.S.,

*Plaintiff—Appellant*,

*versus*

Louisiana State; Julie Cullen; Jeff Landry, *Louisiana Attorney General, in his individual and official capacity*; Mike Tregre, *Sheriff, in his individual and official capacity*; Honorable Dennis J. Waldron,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-1539

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Errol Victor, Sr., Reverend, L.S., Louisiana prisoner # 613100, filed a complaint seeking monetary damages, declaratory judgment, a preliminary

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

injunction, and a temporary restraining order under 42 U.S.C. § 1983. Victor was found guilty of second degree murder by a non-unanimous jury, and the United States Supreme Court subsequently vacated his conviction and remanded in light of *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Following a new trial, a unanimous jury found Victor guilty of second-degree murder. In his § 1983 complaint, Victor alleged violation of his constitutional rights, including due process, equal protection, illegal seizure, double jeopardy, speedy trial, and the State of Louisiana continuing to hold him "hostage under the color of the law" based on the vacation of the non-unanimous jury verdict and the retrial of his state murder conviction.

The district court dismissed Victor's § 1983 complaint as frivolous and failure to state a claim in which any relief could be provided pursuant to 28 U.S.C. § 1915A(b)(1). Victor's conclusional argument in this court does not show that the district court erred in determining that his complaint was frivolous and failed to state a claim upon which relief may be granted. *See* § 1915A(b)(1); *see also Carlucci v. Chapa*, 884 F.3d 534, 537-38 (5th Cir. 2018); *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). If the district court were to award the relief Victor seeks, its actions would implicitly call into question the validity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because there is no evidence showing that Victor's conviction has been reversed or otherwise called into question, his claims are barred under *Heck*. *See id.*; *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019); *Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

Victor's motion for leave to supplement brief is GRANTED and the judgment of the district court is AFFIRMED.

The district court's dismissal of Victor's complaint as frivolous and for failure to state a claim upon which relief may be granted counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Prescott v. UTMB Galveston Tex.*,

No. 23-30391

73 F.4th 315, 319 (5th Cir. 2023); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Victor previously accumulated a prior qualifying dismissal under § 1915(g).  *See Victor v. Becnel*, No. 2:13-cv-05930 (E.D. La. Apr. 23, 2014) (unpublished).  Victor is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).